COMMONWEALTH of Pennsylvania, Appellee,

v.

Hagan SMITH, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 3, 2005.

Filed Feb. 15, 2005.

**1254**

Hagan Smith, appellant, Pro Se.

Bradley H. Foulk, Asst. Dist. Atty., Erie, for Com., appellee.

1. 30 Pa.C.S.A. §§ 101–7314.

2. We have noted in *Commonwealth v. Gosselin,* 861 A.2d 996 (Pa.Super.2004) that the Commonwealth Court of Pennsylvania is conferred with jurisdiction over appeals from criminal prosecutions brought pursuant to violations of regulatory statutes administered by Commonwealth agencies. *See also Dickerson v. Commonwealth,* 138 Pa.Cmwlth. 141, 587 A.2d 379 (1991); 42 Pa.C.S.A. § 762(a)(2)(ii). Here, however, the parties

BEFORE: HUDOCK, KLEIN, and OLSZEWSKI, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 Appellant, Hagan Smith, appeals the judgment of sentence entered March 31, 2004, finding him guilty of a summary violation of the Fish and Boat Code.[1] On appeal, appellant claims that the record is inaccurate, and that the lower court erred by violating his due process rights under the United States and Pennsylvania Constitutions. We affirm.[2]

¶ 2 The relevant factual history is as follows. On July 26, 2003, appellant and another individual, Henry Goetzmann, Jr., went fishing from the vicinity of the Walnut Creek Marina using a twenty-one foot Proline boat. N.T., 3/31/04, at 17. Upon their return, they encountered Waterways Conservation Officer Brook Tolbert. *Id.* at 19. Conservation Officer Tolbert, seven other fishing boat officers, and four United States Coast Guard officers were conducting a routine boat safety inspection of all boats exiting or being retrieved from the Walnut Creek Marina. *Id.* at 3. After appellant had stopped his boat at the courtesy dock within the basin, Conservation Officer Tolbert approached appellant, identified himself as a conservation officer, informed appellant of the safety inspections being conducted, and while standing on the dock, proceeded to conduct a safety inspection of appellant's boat. *Id.* at 4. After issuing appellant a verbal warning for ap-

have not challenged the Superior Court's jurisdiction and as Judge Hudock stated in *Gosselin,* we will "in the interest of judicial economy, address the merits of the issues raised in the appeal." *Gosselin,* 861 A.2d at 999. *See also* Pa.R.A.P. 741(a) (stating that "the failure of an appellee to file an objection to the jurisdiction of an appellate court ... shall ... operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court").

pellant's failure to provide his boat registration, Conservation Officer Tolbert then issued appellant a citation for violating the Fish and Boat Code by operating his boat without visible distress signals. *Id.* at 5. Appellant eventually appealed his citation to the court of common pleas, the lower court then held a summary appeal hearing, and on March 31, 2004, the court found appellant guilty and imposed the original fine and costs. This appeal follows.[3]

¶ 3 Appellant claims on appeal that the record is inaccurate in that it does not contain appellant's objections to the presence in the courtroom of a United States flag with gold fringe, which appellant asserts is related to his claim that the lower court did not identify the applicable law for the hearing. Appellant's Brief, Appellant's Pa.R.A.P. 1925(b) statement. Appellant also claims that the lower court erred by depriving him of due process of law in preventing him from presenting his evidence, denying him appointed counsel, and denying him a jury trial.[4] *Id.*

■ ¶ 4 Appellant first challenges the record, particularly the trial transcripts, as inaccurate. Appellant claims that his objections to the courtroom's gold-fringed United States flag (which appellant asserts represents the applicability of martial or admiralty law) were not addressed, and that as such, appellant was unclear of the applicable law for his summary appeal hearing. *Id.* Appellant contends that the

record and trial transcripts do not reflect these challenges. *Id.*

¶ 5 Appellant's claims are meritless.[5] No statute of Pennsylvania, provision of the United States Code, or relevant case law support appellant's bizarre contention that a gold-fringed United States flag represents the applicability of martial or admiralty law. The national Flag Act[6] outlines rules regarding the contents of the flag, the addition of stars to the flag, the use of the flag, the pledge of allegiance to the flag, the proper display of the flag, guidelines for respecting the flag, and proper technique in the handling of the flag. The state of Pennsylvania has criminal laws regarding the desecration of the flag (*See* 18 Pa.C.S. § 2102) and statutes outlining proper display of the flag, display of the flag on public buildings, and proper use of the flag (*See* 44 P.S. § 41–49.5). None of these statutory provisions, however, focus on anything remotely related to appellant's claims.

¶ 6 While the Pennsylvania courts have not directly addressed this issue, *See Commonwealth v. Appel,* 438 Pa.Super. 214, 652 A.2d 341 (1994) (dismissing a similar claim as having previously been rendered irrelevant), the notion that a gold-fringed United States flag represents the applicability of martial or admiralty law seems to originate with the military's use of gold-fringed flags in court as well as in ceremonial proceedings. In a federal case dealing

---

3. Appellant complied with the lower court's order to file a Pa.R.A.P. 1925(b) statement.

4. We note that appellant's brief consists of, among other documents, a series of ninety-five "points" which correlate to phrases in the lower court opinion. While this brief can be deemed wholly inadequate, in violation of the Pennsylvania Rules of Appellate Procedure, and waived, we will address his claims.

5. Though we consider his claim on the merits, we also note that appellant's claims can be

considered waived. *See* Pa.R.A.P. 1921 and 1922 (providing that objections to the trial transcripts are to be raised and resolved before filing and incorporation in the appellate record). Appellant did not raise objections to the courtroom's United States flag on the record at his hearing, nor did appellant object to the trial transcripts prior to their filing, as is required by the rules of procedure.

6. 4 U.S.C.A. §§ 1–10.

with this issue, the federal court noted that "in the 1920s, Army Regulation 260–10 required troops in the field to fly flags with a yellow silk fringe." *McCann v. Greenway,* 952 F.Supp. 647 (W.D.Mo. 1997). With regard to that regulation, the Attorney General at the time stated that "the War Department ... knows of no law which either requires or prohibits the placing of a fringe on the flag of the United States. No Act of Congress or Executive order has been found bearing on the question." 34 Op.Att'y Gen. 483, 484–85. The federal court also noted that while "the President may ... determine whether the Army or Navy display or remove fringes from their flags or standards ... the latest effective executive order, signed by President Eisenhower, himself a military man, did not address this issue." *McCann,* 952 F.Supp. at 650. Appellant's claims therefore fail.

■ ¶ 7 Appellant also argues that the lower court erred by depriving him of due process of law in preventing him from presenting his evidence, denying him appointed counsel, and denying him a jury trial. Appellant's Brief, Appellant's Pa. R.A.P. 1925(b) statement. With regard to appellant's claim that he was prevented from presenting evidence, we observe that the standard of review "governing a challenge to an evidentiary ruling dictates that an appellate court may only reverse the ruling of [a lower court] upon a showing that the [lower court] abused its discretion." *Commonwealth v. Begley,* 566 Pa. 239, 780 A.2d 605, 620 (2001).

¶ 8 The record reflects, however, that in addition to the presentation of testimony from appellant's two witnesses, appellant also first cross-examined and then independently examined the Commonwealth's witness. The lower court, which exhibited remarkable patience with appellant, provided appellant with ample opportunity to question these witnesses with regard to the occurrences of July 26, 2003. On multitudinous occasions, the lower court judge specifically allowed for appellant to present evidence at the hearing, stating at various times, "ask [the witness] any questions ... do you have any fact questions of this witness ... any evidence you want to present ... do you have any fact testimony you want to provide ... anything you want to say about July 26, 2003 ... do you have any facts you want to present for this day, I'll give you one last chance." N.T. 3/31/04, at 7–28. The lower court did not prevent appellant from presenting evidence, exercise unreasonable judgment, or abuse its discretion.

■ ¶ 9 Next appellant claims that he was denied his constitutional right to counsel. Generally, there is "no requirement, either under the United States Constitution or under the Pennsylvania Constitution, that defendants in all summary cases be provided with counsel." *Commonwealth v. Long,* 455 Pa.Super. 337, 688 A.2d 198, 201 (1996). The right to counsel in summary cases "attaches only to those defendants who are unable 'to employ counsel *when there is a likelihood that imprisonment will be imposed.*'" *Id.* (citing Pa.R.Crim.P. 316(a) (emphasis added)). Thus, "there is no right to counsel where the only sentence provided for in a summary violation is a fine and costs." *Id.*

¶ 10 Here, the right to counsel did not attach as imprisonment was not a possible penalty. Conservation Officer Tolbert was acting under the authority of 30 Pa. C.S.A. § 901(a)(10), which states "every waterways patrolman shall have the power and duty to ... stop and board any boat ... for the purpose of inspection from compliance with [the boating regulations]." Conservation Officer Tolbert conducted a safety inspection and cited appellant for a violation of 30 Pa.C.S.A. § 5123(a)(5), the rule governing equipment requirements

for boats. Appellant's penalty for this third-degree summary offense was a fine. Therefore, appellant was not entitled to appointed counsel.

¶ 11 Finally, appellant claims that he was denied his constitutional right to a trial by jury. The United States and Pennsylvania Constitutions require that "one accused of a 'serious offense' be given a jury trial." *Commonwealth v. Mayberry,* 459 Pa. 91, 327 A.2d 86, 89 (1974). The decisions of the Supreme Court of the United States "have established a fixed dividing line between petty and serious offense: those crimes carrying more than six months sentence are serious and those carrying less are petty crimes." *Id.* It is well settled, therefore, that "no right to a jury trial exists at such trials when a sentence of six months or less is imposed ... The right to trial by jury preserved by the Pennsylvania Constitution is the right as it existed when such provision was first written into the state Constitution and does not apply to a summary proceeding for an ordinance violation." *Bacik v. Commonwealth,* 61 Pa.Cmwlth. 552, 434 A.2d 860, 863 (1981).

¶ 12 As previously noted, appellant was subject to a fine for his summary offense; the right to trial by jury was not implicated, and appellant was therefore not entitled to a trial by jury. Appellant may be familiar with the saying "I'd rather be fishing," and we too would rather appellant be fishing, so long as his boat is properly registered and maintained in accordance with the laws of the Commonwealth of Pennsylvania. While it is unclear if appellant's fishing excursion of July 26, 2003, was successful, his fishing expedition in the courts of this Commonwealth is not.

¶ 13 Judgment of sentence affirmed.