J-S35024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BYRON PAUL MAYNE | |
| Appellant | No. 1932 MDA 2013 |

Appeal from the Judgment of Sentence of August 27, 2013,
In the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0004240-2012

BEFORE:  DONOHUE, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:              **FILED SEPTEMBER 26, 2014**

Byron Mayne appeals his August 27, 2013 judgment of sentence.  We affirm.

Keith Kehring, who maintains and transports a fleet of tractor-trailers for a living, regularly parks such vehicles on the street in front of his residence in Hanover, Pennsylvania.  On May 5, 2012, at approximately 6:00 p.m., Mr. Kehring attempted to park a forty-eight foot tractor-trailer outside of his home.  On that particular evening, however, no parking spaces were available.  Therefore, Mr. Kehring parked the truck approximately one block away from his residence, on a street that bordered Mayne's property.

_____

[*]     Retired Senior Judge assigned to the Superior Court.

Before Mr. Kehring exited the truck, Mayne, who was outdoors doing yard work, began walking towards Mr. Kehring and threatened to "burn [his] fucking truck down." Notes of Testimony ("N.T."), 12/31/2013, at 88. As Mr. Kehring attempted to step out of the truck, Mayne shoved him back into the cab. Mayne then turned around and walked back onto his property. At that time, Mr. Kehring called 911 and waited on the sidewalk next to his tractor-trailer for the police to arrive.

Shortly thereafter, Mayne, now carrying a large container filled with gasoline, approached Mr. Kehring again. As Mayne reached the sidewalk he set the gasoline can on the pavement, pulled a firearm from his waistband, and pointed it directly at Mr. Kehring. Mr. Kehring ducked around to the other side of the tractor-trailer and "played ring around the rosie" with Mayne until the police arrived. *Id.* at 91. As a result of these events, police charged Mayne with two counts of terroristic threats,[1] one count of simple assault,[2] one count of recklessly endangering another person,[3] two counts of harassment (one graded as a summary offense and one graded as a third-degree misdemeanor),[4] and two counts of disorderly conduct.[5]

_____

[1]    18 Pa.C.S. § 2706(a)(1).

[2]    18 Pa.C.S. § 2701(a)(3).

[3]    18 Pa.C.S. § 2705.

[4]    18 Pa.C.S. §§ 2709(a)(1) and 2709(a)(4), respectively.

Mayne proceeded to a jury trial on May 15, 2013. At trial, Mayne focused the jury's attention upon what he contended were numerous inconsistencies of Mr. Kehring's testimony. Mayne also presented evidence of Mr. Kehring's prior criminal convictions, and, on cross examination, questioned Mr. Kehring about an active bench warrant that Mr. Kehring had pending against him in Illinois. Mayne further argued that the jury should find the testimony given by Mr. Kehring's wife, Debbie Kehring ("Mrs. Kegring"), to be incredible and inconsistent with her husband's earlier testimony.[6] Nevertheless, on May 17, 2013, the jury found Mayne guilty of simple assault, recklessly endangering another person, and one count of harassment (graded as a third-degree degree misdemeanor). The jury returned a verdict of not guilty on both counts of terroristic threats and on both counts of disorderly conduct.

---

*(Footnote Continued)*

[5] 18 Pa.C.S. §§ 5503(a)(1) and 5503(a)(3), respectively.

[6] At trial, Mrs. Kehring testified that she was outside of her home at the time of the alleged incident. She further testified that Mr. Kehring called her and stated that Mayne was "giving [him] a hard time." N.T. at 118. According to Mrs. Kehring, she then walked to the edge of her property, and, from approximately 200 feet away, she observed Mayne pointing a firearm at Mr. Kehring. *Id.* at 122.

With regard to the summary harassment charge, the trial court, sitting as the fact-finder, found Mayne not guilty.[7] Specifically, the court reasoned as follows:

> On the count of summary harassment that is before the [c]ourt, I find [Mayne] not guilty[. T]he testimony of Ms. Kehring [was] incredible and conflicting with the testimony of Mr. Kehring, and incredible that she can openly see a handgun at approximately 200 feet while these parties were supposedly moving around, as her husband described, pla[y]ing ring around the rosie in a parked vehicle. And with Mr. Kering's *crimen falsi* case and conflicting testimony with him and Mrs. Kehring, the [c]ourt finds his testimony to be incredible.
>
> We found [Mayne's] testimony to be credible on all accounts. The character witnesses were strong, credible and professional people, and that alone bears reasonable doubt in my mind.

N.T. at 330-31.

On August 26, 2013, Mayne filed a motion for a new trial, wherein he alleged that the jury's verdict was against the weight of the evidence. At Mayne's sentencing hearing on August 27, 2013, the court denied Mayne's motion for a new trial and sentenced him to two years of county intermediate punishment for simple assault and to a concurrent term of two

---

[7] Under both the United States and Pennsylvania Constitutions, Mayne was not entitled to a jury trial on this charge. ***Commonwealth v. Smith***, 868 A.2d 1253, 1257 (Pa. Super. 2005) (holding that no right to a jury trial exists when a sentence of six months or less is imposed); 18 Pa.C.S. § 1105 ("A person who has been convicted of a summary offense may be sentenced to imprisonment for a term which shall be fixed by the court at not more than 90 days.").

years of county intermediate punishment for recklessly endangering another person. Notes of Testimony Sentencing ("N.T.S"), 9/6/2013, at 13-14.

On October 25, 2013, Mayne timely filed a notice of appeal.[8] On November 7, 2013, the trial court ordered Mayne to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 27, 2013, Mayne filed his Rule 1925(b) statement. On January 7, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Mayne presents one issue for our review: "Did the [trial] court abuse its discretion in denying [Mayne's] motion for a new trial based on the weight of the evidence?"[9] Brief for Mayne at 4.

When reviewing a trial court's ruling that the verdict was not contrary to the weight of the evidence, we review the trial court's exercise of discretion, rather than the underlying question of whether the verdict is against the weight of the evidence. **Commonwealth v. Smith**, 985 A.2d

---

[8] On September 5, 2013, Mayne filed a post-sentence motion, which the trial court denied on October 23, 2013. Accordingly, Mayne's October 25, 2013, notice of appeal was timely filed. **Commonwealth v. Claffey**, 80 A.3d 780, 783 (Pa. Super. 2013) ("[W]hen post-sentence motions are filed, the judgment of sentence does not become final until those motions are decided.").

[9] A weight of the evidence claim must be raised in a motion prior to sentencing, an oral motion at sentencing, or a post-sentence motion. **Commonwealth v. Griffin**, 65 A.3d 932, 938 (Pa. Super. 2013). Here, Mayne preserved his challenge to the weight of the evidence when he filed a motion for a new trial on August 26, 2013.

886, 888 (Pa. 2009). Because the jury is free to believe all, part, or none of the evidence presented, a new trial should not be granted merely because the judge, on the same facts, would have arrived at a different conclusion. *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000). Instead, "the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* (citation omitted). Hence, the trial court should award a new trial only when the jury's verdict is "so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994) (citation omitted). In effect, "the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011).

This does not mean, however, that the trial court's discretion to grant or deny a motion for a new trial based upon a challenge to the weight of the evidence is unrestrained. In describing the limits of a trial court's discretion, our Supreme Court has explained as follows:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error

- 6 -

of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Widmer*, 744 A.2d at 753 (quoting *Coker v. S.M. Flickinger Co.*, 625 A.2d 1181, 1184–85 (Pa. 1993)).

In his challenge to the weight of evidence, Mayne principally argues that Mr. Kehring's testimony was so inconsistent and irreconcilable that it could not support a finding of guilt. Mayne sets forth several examples of such purported inconsistencies. First, Mayne notes that Mr. Kehring testified that, before he stepped out of the truck, he could not hear anything that Mayne was saying. Mr. Kehring further explained that Mayne first threatened him as he was stepping out of the vehicle. However, Mrs. Kehring testified at trial that Mr. Kehring called her from his cell phone when he was parking the truck, and informed her that Mayne had threatened him. Mayne emphasizes that Mrs. Kehring's written statement to the police failed to mention this supposed phone call.

Mayne also notes that Mr. Kehring testified at trial that he saw Mayne pick up a gasoline can from the sidewalk and place it in Mayne's garage. Mr. Kehring failed to reveal this detail when he spoke with the police or when he testified at Mayne's preliminary hearing. Instead Mr. Kehring first disclosed this fact at Mayne's trial.

Finally, Mayne underscores Mr. Kehring's prior criminal convictions for retail theft, conspiracy to commit retail theft, and bad checks. Mr. Kehring also pleaded guilty to wage tax violations on five separate occasions, and

had an active bench warrant in the state of Illinois when he testified at Mayne's trial.

At Mayne's sentencing hearing, the trial court concluded that Mayne's challenge to the weight of the evidence lacked merit. Specifically, the trial court reasoned as follows:

> What we have in this situation is a case where two different fact[-]finders saw the evidence differently. We have a jury sitting as a fact[-]finder on the misdemeanor charges and we had the judge sitting as a factfinder on the summary charge[].
>
> The jury believed the testimony—apparently believed the testimony of . . . [Mr.] Kehring and his wife. The [c]ourt has previously stated that it was not convinced when it was sitting as a fact[-]finder in the summary offense by the testimony.
>
> * * *
>
> So, we have two different fact[-]finders coming to two different conclusions. For the court to grant the relief requested, . . . I would have to invade the province of the jury as a fact[-]finder and replace their factual findings with my own. I think that's judicial cronyism or improper.
>
> Our system allows for these two fact[-]finders to sit in the same case, and it really is a matter of weighing the credibility of the alleged victims and to find that they were convinced by that testimony even though this court was not.
>
> This court . . . found the testimony of [Mayne's] character witnesses to be particularly persuasive. They span the course of his entire lifetime. The court notes [Mayne's] long professional career. He is a mature individual. He is a professional in the banking industry. [Mayne's record is] devoid of any criminal activity—devoid certainly of any prior violent conduct as was charged in this case, but that is my view of the facts.

N.T.S. at 2-3 (minor modifications for clarity).

- 8 -

The jury, as the fact-finder, was free to evaluate the testimony of the witnesses and to determine the weight that should be assigned to the evidence. In rendering a guilty verdict, the jury clearly indicated that it found the Commonwealth's witnesses to be credible despite any inconsistencies among the various witnesses' testimonies. ***See Commonwealth v. Johnson***, 668 A.2d 97, 101 (Pa. 1995) (stating that the jury is free to believe all, part, or none of the testimony presented at trial).

Cognizant of the standard of review announced by our Supreme Court in **Clay**, *supra*, we cannot conclude that the trial court abused its discretion in ruling that Mayne had failed to establish the sort of injustice that would require a new trial. The record is devoid of any indication that the trial court acted in an unreasonable or arbitrary manner. Nor has Mayne alleged that the trial court acted with partiality, prejudice, bias, or ill will. Consequently, Mayne's challenge to the weight of the evidence must fail.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/2014

- 9 -