J. A03045/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN JOSEPH LIPTOK, JR., | : | |
| | : | |
| Appellant | : | No. 176 MDA 2014 |

Appeal from the Judgment of Sentence January 6, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division No(s).: CP-54-SA-0000168-2013

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 23, 2015**

*Pro se* Appellant, John Joseph Liptok, Jr., appeals from the judgment

of sentence entered in the Schuylkill County Court of Common Pleas

following his summary conviction for having an obscured registration plate.[1]

We dismiss.

The facts are unnecessary for our disposition. This Court has stated:

> [I]t is an appellant's duty to present arguments
> that are sufficiently developed for our review.
> The brief must support the claims with pertinent
> discussion, with references to the record and
> with citations to legal authorities. . . .

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 1332(b)(3). Appellant also appears to challenge an alleged
conviction for improperly having emergency signals on his vehicle, but he
was not convicted of that offense. N.T. Trial, 2/12/14, at 26.

> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.
>
> . . . Any effort and preparation for appeal are lost if the arguments in the brief are presented improperly, incompletely, or inaccurately. . . .
>
> . . . We must not proceed haphazardly— following procedure in one case, ignoring it in another—under the guise of reaching those substantive issues. While doing so might lead us to resolve the merits in any one matter, it would be unfair to litigants and counsel in so many other cases who do follow the rules.

***Commonwealth v. Kane***, 10 A.3d 327, 331-32 (Pa. Super. 2010) (citations omitted). "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that [the] appellant is not entitled to any particular advantage because she lacks legal training." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996).

In this case, Appellant's brief is incomprehensible and lacks pertinent analysis.[2] ***See Kane***, 10 A.3d at 331-32. Although we construe Appellant's *pro se* brief liberally, ***see Rivera***, 685 A.2d at 1013, we are barred from acting as his counsel. ***See Kane***, 10 A.3d at 331. Accordingly, we dismiss.

---

[2] Appellant is not entitled to counsel for summary offenses. ***See Commonwealth v. Smith***, 868 A.2d 1253, 1256 (Pa. Super. 2005).

Regardless, we would hold Appellant's issue lacks merit. Appellant appears to be challenging the sufficiency of the evidence for his conviction. The standard of review for a challenge to the sufficiency of evidence is *de novo*, as it is a question of law. ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235 (Pa. 2007).

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

***Id.*** at 1235-36 (citations and quotation marks omitted). "When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." ***Id.*** at 1237 (citation omitted). With respect to obscured registration plate, the relevant statute follows:

> **(b) Obscuring plate.**—It is unlawful to display on any vehicle a registration plate which:
>
> *     *     *
>
> (3) is otherwise illegible at a reasonable distance or is obscured in any manner.

75 Pa.C.S. § 1332(b)(3). After careful consideration of the record, including the police officer's trial testimony that Appellant's wheelchair rack obscures

his license plate and photographic evidence of same, we would be constrained to hold that the evidence believed by the trial court supports Appellant's summary conviction.  **See Ratsamy**, 934 A.2d at 1235-36.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2015