J-A04020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WESTLEY RETZLER | |
| Appellant | No. 202 EDA 2016 |

Appeal from the Order Entered November 5, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-MD-0001861-2015

BEFORE: SHOGAN, J., SOLANO, J., and PLATT, J.[*]

JUDGMENT ORDER BY SOLANO, J.:                    **FILED FEBRUARY 07, 2017**

*Pro se* Appellant Westley Reztler appeals from the order denying him *in forma pauperis* status. We dismiss.

The facts that led to entry of the order are unnecessary for our disposition.[1] The docket reflects a timely appeal. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, which the court deemed "illegible and incoherent." Trial Ct. Op., 8/16/16, at 2.

This Court issued a rule to show cause as to why this appeal should not be transferred to the trial court as a summary appeal. After considering

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Briefly, this appeal is related to Appellant's summary appeal of a traffic citation, in which he was found not guilty. We note that generally there is no right to counsel in summary cases. ***Commonwealth v. Smith***, 868 A.2d 1253, 1256 (Pa. Super.), ***appeal denied***, 877 A.2d 462 (Pa. 2005).

Appellant's response, this Court discharged the show-cause order. Order, 4/1/16. This Court additionally ordered the trial court to, among other things, provide the notes of testimony to Appellant within thirty days. This Court then stated, "Appellant shall also be permitted to file an amended Pa.R.A.P. 1925(b) statement within twenty-one (21) days of receipt of the notes of testimony." *Id.* On April 14, 2016, the trial court filed the transcript of the notes of testimony at issue. On April 20, 2016, the trial court indicated it sent a certified transcript to Appellant. The trial court docket and record do not reflect whether Appellant ever filed an amended Rule 1925(b) statement with the trial court, but on June 9, 2016 (well beyond the 21-day deadline), Appellant filed a handwritten Rule 1925(b) statement with this Court.

Apart from the issues presented by Appellant's late filing of his Rule 1925(b) statement, Appellant's brief materially inhibits our ability to consider his appeal. The brief is rambling, replete with *ad hominem* attacks, and devoid of legal authority supporting his claim to relief.

> [I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may

> dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted), *appeal denied*, 29 A.3d 796 (Pa. 2011). "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted). We are barred from acting as his counsel and developing his arguments for him. *See Kane*, 10 A.3d at 331. The defects in Appellant's brief are so substantial in inhibiting our review that we hereby dismiss.[2]

Appeal dismissed.

---

[2] This Court, in an unrelated case, previously quashed Appellant's appeal based on deficiencies in his *pro se* appellate brief. *See Commonwealth v. Retzler*, 3083 EDA 2011, at 3 (Pa. Super., Dec. 11, 2012) (unpublished memorandum decision); *see also Commonwealth v. Retzler*, 2543 EDA 2014, at 3 n.1 (Pa. Super., Nov. 16, 2015) (unpublished memorandum decision) (observing handwritten brief was substantially illegible and unintelligible); *Commonwealth v. Retzler*, 479 EDA 2012, at 1 (Pa. Super., July 18, 2013) (unpublished memorandum decision) (acknowledging Appellant's handwritten brief was "lacking in multiple critical respects").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/7/2017</u>