J-S03019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIRIAM ANJIA OSORIO | |
| Appellant | No. 723 WDA 2016 |

Appeal from the Judgment of Sentence dated May 17, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0000722-2016

BEFORE:  OLSON, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED APRIL 7, 2017**

*Pro se* Appellant, Miriam Anjia Osorio, appeals from the judgment of sentence following a bench trial and her summary convictions for failure to yield the right of way to a pedestrian and failure to obey an authorized person who was directing traffic.[1] On appeal, it appears she challenges, among other things, the weight of the evidence.[2] We affirm.

We adopt the facts and procedural history as set forth by the trial court:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3542(a) and 3102, respectively.

[2] We note that generally there is no right to counsel in summary conviction cases. **Commonwealth v. Smith**, 868 A.2d 1253, 1256 (Pa. Super.), **appeal denied**, 877 A.2d 462 (Pa. 2005).

Defendant, Miriam Osorio, filed a Summary Appeal from a citation alleging the violation of 75 Pa.C.S.A. §3102 and 75 Pa.C.S.A. §3542. This Court adjudicated Defendant guilty following a *de novo* hearing on May 17, 2016, and imposed a fine in the amount of $75.00, plus costs. Defendant filed an appeal to the Superior Court of Pennsylvania on May 18, 2016. This Court Ordered Defendant to file a 1925(b) Statement of Errors Complained of on Appeal, which was filed on June 15, 2016.

This matter arose when a citation was issued to the Defendant for traffic violations that occurred on March 4, 2015. Denise Laboon, a Pleasant Hills crossing guard, testified during the de novo hearing. She stated that she stepped into the middle of an intersection to stop traffic so she could cross a student at the crosswalk. Ms. Laboon stepped out in the street, put her hand up for the Defendant to stop, and the Defendant "...started to stop, and the boy started to cross, and as he got into the crosswalk she [Defendant] started to go. As the boy started to cross, he got into the crosswalk, she started to go. I told him to get back on the sidewalk." Ms. Laboon told the Defendant that she could not drive through the intersection, but the Defendant did so anyways. Ms. Laboon took down the Defendant's license plate number as she drove past.

Trial Ct. Op. at 1-2 (citations to record omitted). Following her convictions, the court imposed a sentence of $75 in fines, as well as court costs. As discussed below, Appellant did not challenge the weight of the evidence supporting her convictions prior to sentencing.

Appellant filed a timely appeal. On May 23, 2016, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days — that is, by June 13, 2016. The docket and timestamp reflect that Appellant filed her Rule 1925(b) statement on June 15, 2016, two days late.[3]

_____

[3] The Commonwealth's brief erroneously states Appellant timely filed her Rule 1925(b) statement on June 2, 2016.

The court filed a responsive Rule 1925(a) opinion, which did not acknowledge Appellant's untimely 1925(b) statement.

In **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011), our Supreme Court observed that "Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered" and "courts lack the authority to countenance deviations from the Rule's terms." Issues not raised in a timely Rule 1925 statement are waived. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). By filing late, Appellant failed to comply with the trial court's May 23, 2016 order. Accordingly, constrained by Supreme Court precedent, we hold that Appellant has waived all issues on appeal. **See Hill**, 16 A.3d at 494.

Appellant also waived her main issue by not raising it earlier in the trial court. Appellant contends that the court erred by finding an eyewitness to her traffic violations credible, but "[a]n argument that the finder of fact should have credited one witness' testimony over that of another witness goes to the weight of the evidence . . . ." **Commonwealth v. Gibbs**, 981 A.2d 274, 281–82 (Pa. Super. 2009), **appeal denied**, 3 A.3d 670 (Pa. 2010). It therefore is subject to the preservation rules in Pennsylvania Rule of Criminal Procedure 607(A), which provides:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>> (1) orally, on the record, at any time before sentencing;

> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A). Although Appellant was not permitted to file a post-sentence motion, *see* Pa.R.Crim.P. 720(D),[4] she could have, but did not, make an oral or written motion challenging the weight of the evidence prior to sentencing. By failing to do so, Appellant waived her challenge based on the weight of the evidence.

Even if Appellant's claims were not waived, she would not be entitled to relief for the reasons stated in the trial court's opinion, which we have reviewed and conclude is correct. *See* Trial Ct. Op., 6/21/16, at 1-3 (concluding the Commonwealth's witness was credible and Appellant failed to timely present her own witness). We discern no abuse of discretion by the trial court. *See Gibbs*, 981 A.2d at 282. The parties are instructed to attach the trial court's June 21, 2016 opinion to any pleading referencing this Court's decision.

Judgment of sentence affirmed.

---

[4] Rule 720(D) provides, "There shall be no post-sentence motion in summary case appeals following a trial de novo in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial de novo shall constitute a final order for purposes of appeal."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/7/2017</u>