J-S35014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                               :           PENNSYLVANIA
                                     :
          v.                             :
                                     :
                                     :
MISTY D. REYNOLDS                  :
                                     :
          Appellant               :    No. 927 MDA 2021

Appeal from the Judgment of Sentence Entered March 23, 2021
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000355-2019

BEFORE:  OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:          **FILED: FEBRUARY 8, 2022**

Appellant, Misty D. Reynolds, appeals from the judgment of sentence entered on March 23, 2021, as made final by the trial court's denial of her post-sentence motion on June 15, 2021.  We affirm.

The trial court summarized the factual history as follows:

On November 23, 2020, a jury found [Appellant] guilty of [s]imple [a]ssault and [a]ggravated [a]ssault[1] for an incident that occurred on June 12, 2019.  The Commonwealth alleged that [Appellant] pushed the victim from a car traveling on a bridge over the Susquehanna River[.] The victim suffered cuts and scratches

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(1), and 2702(a)(1), respectively.

The record reveals that Appellant was also charged with one count of harassment, graded as a summary offense pursuant to 18 Pa.C.S.A. § 2709(a)(1).  By separate order, the trial court found the defendant guilty of harassment.  **See** Trial Court Order, 11/23/20; **see also Commonwealth v. Smith**, 868 A.2d 1253, 1257 (Pa. Super. 2005) (recognizing that right to jury trial does not apply to summary offenses).

to his knees, elbow, and left hip.  At trial[,] the victim testified that he suffers from spina bifida and hydrocephalus caused by the spina bifida.

*     *     *

At trial, the victim [further] testified that he met [Appellant] on a dating app called Plenty of Fish.  [Appellant] came to the victim's apartment and stayed the night.  The victim stated that there was no intimacy.  He stated that the next morning[, Appellant] invited him to go meet her family and he agreed.  While traveling[, Appellant] asked the victim for one hundred dollars because she spent the night with him.  He told her he did not have it. [Appellant] became angry and told the victim she wanted his sister's phone number. She tried to call the [victim's] sister and left a voicemail message that if she did not find a way to get [Appellant] one hundred dollars[,] the victim would be in really big trouble.

The victim further testified that, after the phone call, [Appellant] was still irate.  She reached over with her right hand and opened the door.  The door flew open.  Before he could turn his head to the left to see what was going on, [Appellant] had her hand on his shoulder and pushed him out the door.  He stated that he hit the cement and rolled three or four times.  After he composed himself, he walked and crawled back to his residence.  In response to a question from the district attorney, the victim stated that his knees were bloody and scratched up[, and that his] left butt cheek was "really messed up."  He had stones imbedded in his butt cheek, sides, knees, and hands.  He went to a hospital emergency room for treatment for his injuries.

Trial Court Opinion, 7/23/21, at 1-2 (unpaginated).  Appellant was sentenced on March 23, 2021.[2]  Thereafter, she filed a post-sentence motion raising claims challenging the sufficiency and weight of the evidence.  The trial court

---

[2] The trial court sentenced Appellant to 72 months to 15 years on the aggravated assault conviction.  The conviction of simple assault merged with the aggravated assault conviction.

denied her post-sentence motions by order entered June 15, 2021. This appeal followed.[3]

Appellant raises the following issues:

1. Did error occur where it was never established that injuries reportedly suffered by the alleged victim were the result of a fall from a vehicle, as he testified that he dragged himself upon the ground for a considerable distance in the aftermath of the reported incident and this could have caused what he claimed as injuries?

2. Did error occur where it cannot be argued that Appellant attempted to cause any injury, much less a serious one, as she was accused of pushing another out of a moving vehicle, but the speed of the vehicle was never firmly established and the alleged victim claimed that the act occurred in the wake of a conversation and voicemail, rendering the claim an impossibility?

3. Were the inaction of the alleged victim and family so contrary to experience and common sense that they should be viewed as incredible and should shock the conscience of the Court[?]

Appellant's Brief at 5 (reordered for ease of disposition). In Appellant's first two issues, she challenges the sufficiency of the evidence introduced to show that she caused the victim's injuries and that she attempted to cause serious bodily injury; thus, her first two issues both contest the sufficiency of the evidence, and we will address them together.

Appellant contends that there was insufficient evidence to support her convictions for simple assault and aggravated assault.[4] More specifically,

---

[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[4] The Commonwealth conceded, before both the trial court and this Court, that the victim did not sustain serious bodily injury; therefore, the prosecution
*(Footnote Continued Next Page)*

Appellant claims the Commonwealth failed to prove that she caused the victim's injuries. According to Appellant, because the victim did not describe the injuries he sustained until after he testified that he crawled back to his apartment, "[t]here is absolutely no evidence to suggest that any injury happened when [the victim] was purportedly expelled from the car." Appellant's Brief at 12. Moreover, Appellant claims the Commonwealth failed to prove that she intended to cause "any injury, much less a serious one." *Id.* at 5. To support this contention, Appellant argues that the victim did not sustain serious bodily injury, the speed of the vehicle was estimated, and that "one would have to accept the notion that the offense itself occurred when [Appellant] was driving a car, yet somehow able to reach across the vehicle, open a passenger door[,] and eject another person." *Id.* at 10.

"Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be

---

proceeded on the charge of aggravated assault under the theory that Appellant attempted to cause serious bodily injury. **See** Commonwealth's Brief at 4; N.T. Jury Trial, 11/23/20, at 79-80, 101-102.

resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying [this] test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa. Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004); *see also Commonwealth v. Brown*, 52 A.3d 1139, 1163 (Pa. 2012) (stating that, in reviewing a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, **any** rational trier[-]of[-]fact could have found the essential elements of the crime beyond a reasonable doubt") (emphasis in original).

Appellant was convicted of simple assault and aggravated assault. A person is guilty of simple assault if he or she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). A person is guilty of aggravated assault if he or she "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." *Id.* at § 2702(a)(1). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain" and "serious bodily injury" is defined as "[b]odily injury which creates a

- 5 -

substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Appellant specifically challenges the sufficiency of the evidence offered to show that she caused bodily injury pursuant to § 2701(a)(1) (simple assault) or attempted to cause serious bodily injury pursuant to § 2702(a)(1) (aggravated assault).

In the light most favorable to the Commonwealth, the evidence adduced at trial established the following facts. While driving a vehicle with the victim in the passenger seat, Appellant became angry when the victim did not give her money. Appellant called the victim's sister and left a voicemail threatening that the victim "would be in really big trouble" if Appellant did not receive the money. She then reached over the victim, opened the passenger side door, and pushed the victim out of the vehicle. The victim hit the road surface, rolled multiple times, and then alternately walked and crawled back to his residence. As a result of this incident, he sustained injuries including bloody and scratched knees, hands, buttocks, and side with stones imbedded in his wounds. He required treatment at a hospital.

We conclude that sufficient evidence established that Appellant caused bodily injury to the victim for purposes of sustaining a simple assault conviction. It was well within the province of the jury as fact-finder to determine that Appellant's actions in opening the passenger side door and pushing the victim out of a moving car caused the victim's injuries when he

fell out of the vehicle, hit the road surface, and rolled multiple times. Appellant's facile argument that the victim caused his own injuries while crawling home fails to acknowledge that it was Appellant's actions which placed him in that situation. Thus, Appellant's first issue is meritless.

Turning to aggravated assault, the Commonwealth need not prove that serious bodily injury was actually inflicted; rather, it may prove that a defendant acted with the specific intent to cause such injury. *Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa. Super. 2008).

> Where the victim does not suffer serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding of an attempt to cause such injury. A person commits an attempt when, with the intent to commit a specific crime, he [or she] does any act which constitutes a substantial step toward the commission of that crime. [In the context of aggravated assault, an attempt] requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury. A person acts intentionally with respect to a material element of an offense when it is his [or her] conscious object to engage in conduct of that nature or to cause such a result. As intent is a subjective frame of mind, it is of necessity difficult of direct proof. The intent to cause serious bodily injury may be proven by direct or circumstantial evidence.

*Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012) (citation, quotation, and corrections omitted). In determining whether intent was proven from attendant circumstances, "a fact-finder may find that a person intends the natural and probable consequences of his actions." *Commonwealth v. Palmer*, 192 A.3d 85, 96 (Pa. Super. 2018) (citation omitted). Threats alone may be sufficient to conclude that an individual

possessed the requisite intent to cause serious bodily injury. ***Commonwealth v. Fortune***, 68 A.3d 980, 987 (Pa. Super. 2013).

Under the applicable standard, we conclude that sufficient evidence established that Appellant attempted to cause serious bodily injury to the victim when she pushed him out of a moving vehicle and his injuries resulted from her actions. It was well within the province of the jury as fact-finder to infer from Appellant's actions in demanding money, threatening harm to the victim, proceeding to open the passenger side door and push the victim out of a moving car, and immediately driving off, that she took a substantial step towards deliberately inflicting serious bodily harm to the victim. It was equally within the jury's province to determine from these actions that it was her conscious objective to cause serious bodily injury, irrespective of the actual extent of the victim's injuries. ***See Palmer***, ***supra***. The jury could properly infer that Appellant harbored a conscious objective to inflict serious bodily injury because the natural and probable consequences of pushing an individual from a moving vehicle are that the individual will sustain serious bodily injury.

Importantly, while Appellant argues that the speed of the vehicle was estimated rather than firmly established, such evidence goes to the weight of the evidence rather than sufficiency. ***See Fisher v. Central Cab Co.***, 945 A.2d 215, 218-219 (Pa. Super. 2008) (noting the admissibility of lay witness estimations of speed which go to the weight of the evidence). Moreover, as

to her suggestion that the Commonwealth's theory of events was unbelievable, the trial court opined:

> In his [closing] argument, counsel for [Appellant] raised the same arguments [as raised here]. The arguments did not persuade the jury. The Commonwealth presented sufficient evidence that [Appellant] attempted to cause serious bodily injury when she pushed the disabled victim out of a moving automobile. Fortunately, the victim's injuries were not more serious.

Trial Court Opinion, 7/23/21, at 3. The jury was free to believe all, part, or none of the Commonwealth's evidence. *Pappas*, *supra*. Consequently, Appellant's arguments are of no avail.

In her final issue, Appellant challenges the weight of the evidence.

The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence.

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous,

vague and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Delmonico***, 251 A.3d 829, 837 (Pa. Super. 2021) (internal citations, quotations, and brackets omitted).

The entirety of Appellant's argument challenges the credibility of the Commonwealth witnesses' testimony. After a hearing on Appellant's post-sentence motion, the trial court denied Appellant's weight claim. ***See*** Trial Court Order, 6/15/21.

We conclude that the trial court did not abuse its discretion in denying Appellant's challenge to the weight of the evidence. The jury heard all of the evidence introduced at trial and was free to determine the weight of the evidence and testimony. It is the fact-finder's duty to assess credibility and we may not substitute our judgment for the jury's findings. Moreover, the evidence was not so tenuous, vague or uncertain that the verdict shocked the conscious of the court. Accordingly, Appellant's weight of the evidence claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/08/2022