J-S17036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN PERRY | |
| Appellant | No. 1446 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 14, 2021
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0005765-2020

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 01, 2022**

Appellant, Sean Perry, appeals from the June 14 2021 judgment of sentence imposing no sentence after a negotiated guilty plea to disorderly conduct, 18 Pa.C.S.A. § 5503(a)(4), a summary offense.  We vacate and remand.

The record reveals that, on January 15, 2020, a jury found Appellant guilty of defiant trespass (Bucks County docket number 4309 of 2019).[1]  The sentencing court imposed 12 months of county probation.  On November 9, 2020, Appellant was arrested and charged with harassment and disorderly

_____

[1]  18 Pa.C.S.A. § 3503(b)(1)(i).

conduct,[2] both graded as third-degree misdemeanors and punishable by up to one year in prison as per 18 Pa.C.S.A. § 1104(3). Because the offenses—showing obscene materials to others—took place at two separate businesses on the same day, Appellant was charged with one count of each offense at Bucks County docket numbers 5760 of 2020 and 5765 of 2020. The public defender represented Appellant in connection with all of the aforementioned offenses.

At a June 14, 2021 hearing, the trial court addressed matters arising from all three docket numbers. At number 4309, Appellant's probation was terminated by agreement of the parties. That case is now closed. At number 5760, the Commonwealth *nolle prossed* the misdemeanor harassment and disorderly conduct charges, bringing that matter to a close. At number 5765, pursuant to a negotiated agreement with Appellant, the Commonwealth *nolle prossed* the misdemeanor harassment and amended the disorderly conduct to a summary charge in exchange for Appellant's no contest plea.[3] Per the parties' agreement, no punishment was imposed. Appellant nonetheless filed this timely appeal.[4]

---

[2] 18 Pa.C.S.A. § 2709(a)(4) and 18 Pa.C.S.A. § 5503(a)(3).

[3] Disorderly conduct can be either a third-degree misdemeanor or a summary offense: "An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable

*(Footnote Continued Next Page)*

The issue before us is that Appellant was not represented by counsel at the June 14, 2021 hearing.  Ten days earlier, on June 4, 2021, the public defender filed a petition to withdraw, but the trial court did not act on that petition prior to or during the June 14, 2021 hearing, nor did the court conduct a waiver colloquy.  Appellant argues that his no contest plea to disorderly conduct at number 5765 was invalid because it was entered without assistance of counsel or a valid waiver thereof.  The Commonwealth argues that counsel was unnecessary because the Commonwealth amended the charges to one summary offense for which Appellant was promised no punishment.

The right to counsel is guaranteed to a criminal defendant by Sixth Amendment to the United States Constitution and Article I, § 9 of the Pennsylvania Constitution.  It attaches when there is a likelihood that a conviction will result in imprisonment.  *Commonwealth v. Smith*, 868 A.2d 1253, 1256 (Pa. Super. 2005); Pa.R.Crim.P. 122.  This Court explained:

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

warning or request to desist.  Otherwise, disorderly conduct is a summary offense."  18 Pa.C.S.A. § 5503(b).

4  Appellant initially filed an appeal at all three docket numbers.  He subsequently withdrew the appeals at numbers 4309 and 5760.  Also, because Appellant acted *pro se* in filing his appeal but there was no record of appointed counsel's withdrawal, this Court remanded and directed the trial court to conduct a waiver colloquy.  When Appellant failed to appear, we directed the trial court to try again.  Again, Appellant failed to appear.  We therefore directed the public defender to represent Appellant on appeal.  The public defender has filed an advocate's brief.

Generally, there is no requirement, either under the United States Constitution or under the Pennsylvania Constitution, that defendants in all summary cases be provided with counsel. The right to counsel in summary cases "attaches only to those defendants who are unable to employ counsel *when there is a likelihood that imprisonment will be imposed.*

**Smith**, 868 A.2d at 1256 (internal citations and quotation marks omitted). Where counsel is appointed, whether in court cases or summary cases for which there is a likelihood of imprisonment, "the appointment shall be effective until final judgment, including any proceedings on direct appeal." Pa.R.Crim.P. 122(B)(2).

Because Appellant arrived at the June 14, 2021 hearing facing misdemeanor charges punishable by up to one year in prison, he had a right to have counsel present. But appointed counsel was absent at that hearing and counsel's petition to withdraw was pending. Aware of this, the trial court should not have permitted the hearing to proceed absent a valid waiver of counsel colloquy or appointed counsel's continued representation of Appellant. In doing otherwise, the trial court ran afoul of Rule 122(B)(2).

Furthermore, we cannot accept the Commonwealth's argument that the withdrawal of the misdemeanor charges coupled with Appellant's plea to a summary offense and a promise of no punishment vitiated Appellant's right to counsel. The Constitutional right to counsel on the misdemeanor charges carried with it the right to counsel in connection with negotiations regarding the disposition of those charges. "[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial."

***Commonwealth v. Velazquez***, 216 A.3d 1146, 1149 (Pa. Super. 2019).

Although Appellant ultimately pled no contest to summary disorderly conduct and received no punishment, he agreed to that plea without the advice of counsel and with the threat of jailable misdemeanor offenses hanging over his head. Without representation or a valid waiver thereof, he was unconstitutionally deprived of his right to counsel.

Based on the foregoing, we are constrained to vacate the judgment of sentence and remand for further proceedings consistent with this memorandum.

Judgment of sentence vacated. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* _9/1/2022_