688 A.2d 198

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Scott LONG, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12. 1996.

Filed Dec. 20, 1996.

K. Robin Davis, Tunkhannock, for appellant.

George P. Skumanick, Jr., District Attorney, Tunkhannock, for the Commonwealth, appellee.

Before KELLY, SAYLOR and MONTEMURO*, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether in a summary offense case, the trial court erred when it denied appellant's motion to suppress evidence found on his person after he was arrested and incarcerated for defaulting on the payment of a traffic citation and for failing to post bail as a result of the default. We hold that the record supports the trial court's denial of appellant's suppression motion and its conclusion that the marijuana found on appellant's person was not the result of an illegal arrest and incarceration. Accordingly, we affirm the judgment of sentence.

The facts and procedural history of this appeal are as follows. On March 21, 1994, appellant, Scott Long, received a traffic citation for driving while his operating privileges were suspended or revoked.[1] Appellant pled guilty and the district

___

* Retired Justice assigned to the Superior Court.

1. 75 Pa.C.S.A. § 1543.

justice fined him $568.45 and placed him on a bi-weekly installment plan. Appellant, however, failed to make any of the installment payments. Consequently, on April 21, 1994, the district justice, pursuant to Pa.R.Crim.P. 85, notified appellant of a rehearing to address the payment schedule and his financial ability to pay the fine.[2] Appellant did not appear at the rehearing set for April 29, 1994. As a result of appellant's failure to appear, the district justice, pursuant to Pa.R.Crim.P. 75, issued an arrest warrant for appellant on August 2, 1994. On August 24, 1994, appellant was apprehended and brought before the district justice, who set bail to insure his appearance at the rehearing. Appellant, unable to pay the bail until several days later, was committed to the Wyoming County Prison.

Upon his arrival at the prison, appellant was subjected to a custodial search of his person by the prison's corrections officers. The officers found a small quantity of marijuana on appellant's person. Subsequently, appellant was charged with possession of marijuana. Appellant moved to have the marijuana suppressed as evidence, alleging that the search was the product of an unlawful arrest and incarceration. Following a suppression hearing, appellant's motion was denied in an order dated May 25, 1995. On August 28, 1995, following a non-jury trial, appellant was found guilty of possession of a controlled substance. In an order dated October 11, 1995, the trial court, in lieu of a sentence, placed appellant on probation for thirty (30) days and fined him one hundred dollars ($100). This timely appeal followed.

On appeal, appellant raises the following issues for our review:

1.  DID THE TRIAL COURT ERR BY NOT SUPPRESS-
    ING EVIDENCE THAT WAS THE FRUIT OF AN
    ILLEGAL INCARCERATION IN THAT DEFEN-
    DANT WAS ARRESTED AND INCARCERATED
    FOR FAILURE TO PAY FINES WITHOUT THE
    DISTRICT JUSTICE HOLDING AN IMMEDIATE

**2.** We note that appellant was ultimately determined not to be indigent and eventually paid the fine.

HEARING ON DEFENDANT'S ABILITY TO PAY THE FINES?

2. DID THE TRIAL COURT ERR BY NOT SUPPRESSING EVIDENCE THAT WAS THE FRUIT OF AN ILLEGAL ARREST IN THAT THE ARREST WAS MADE PURSUANT TO AN ARREST WARRANT THAT WAS NOT LAWFULLY ISSUED?

3. DID THE TRIAL COURT ERR BY NOT SUPPRESSING EVIDENCE THAT WAS THE FRUIT OF AN ILLEGAL INCARCERATION IN THAT DEFENDANT WAS BROUGHT BEFORE THE DISTRICT JUSTICE AND ORDERED INCARCERATED WITHOUT DEFENDANT BEING ASSIGNED COUNSEL IN VIOLATION OF DEFENDANT'S RIGHT TO COUNSEL?

Appellant's Brief at 3.

At the outset, we note the following:

> Our review of an order entered by the suppression court is governed by the following standards. We must first ascertain whether the record supports the factual findings of the suppression court, and then determine the reasonableness of the inferences and legal conclusions drawn therefrom. *Commonwealth v. Burnside,* 425 Pa.Super. 425, 625 A.2d 678 (1993). In reviewing the denial of a motion to suppress evidence, "we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Reddix,* 355 Pa.Super. 514, 513 A.2d 1041 (1986). When the evidence supports the suppression court's findings of fact on a motion to suppress, this Court may reverse only when the legal conclusions drawn from those facts are erroneous. *Commonwealth v. Quiles,* 422 Pa.Super. 153, 619 A.2d 291 (1993)(*en banc* ). However, we are bound by the trial court's findings of fact only to the extent that they are supported by the record. *Commonwealth v. Martinez,* 403 Pa.Super. 125, 588 A.2d 513 (1991).

*Commonwealth v. Wilson,* [440] Pa.Super. [269], [274], 655 A.2d 557, 560 (1995).

*Commonwealth v. Felty,* 443 Pa.Super. 559, 564, 662 A.2d 1102, 1104 (1995).

In his first issue, appellant complains that the trial court erred when it refused to recognize that the district justice's failure to hold an indigency hearing immediately following appellant's arrest resulted in an illegal incarceration. Because appellant believes that his incarceration was illegal, he asserts that the search incident to the incarceration was also illegal. Consequently, appellant concludes that the trial court erred when it denied the motion to suppress the marijuana taken from his person. We disagree.

The relevant portion of Rule 85 provides:

**RULE 85.**

**(d)** When installment payments are ordered, and the defendant is in default of a payment or advises the issuing authority that such default is imminent, the issuing authority may schedule a rehearing on the payment schedule. At the rehearing the defendant shall have the burden of proving changes of financial condition such that the defendant is without the means to meet the payment schedule. The issuing authority may extend or accelerate the schedule or leave it unaltered, as the issuing authority finds to be just and practicable under the circumstances.

Pa.R.Crim.P. 85(d). Moreover, "[i]f the hearing on the default cannot be held immediately, the issuing authority may set bail as provided in Chapter 4000 or may fix collateral as provided in Rule 81." Comment to Rule 85.

Here, appellant did not have the right to an immediate rehearing. Rather, the district justice, noting that an immediate rehearing was neither feasible nor fair to the Commonwealth, set bail to insure appellant's appearance at a later rehearing. As a result of appellant's inability to post bail and in the subsequent custodial search, the corrections officers discovered the marijuana. Thus, the record supports the trial court's conclusion that the search of appellant was not the

result of an illegal incarceration. Accordingly, we conclude that the trial court properly denied the motion to suppress the marijuana discovered on appellant's person.

■ In his second issue, appellant contends that the trial court erred when it failed to recognize that the arrest warrant issued by the district justice was illegal. We disagree.

In summary offenses, a warrant for the arrest of a defendant shall be issued when "the issuing authority has reasonable grounds to believe that the defendant will not obey a summons." Pa.R.Crim.P. 75(1)(c). Here, the facts show that appellant failed to make any installment payments and, pursuant to Pa.R.Crim.P. 85, the district justice scheduled an indigency rehearing for April 29, 1994, and notified appellant. The arrest warrant was not issued until August 2, 1994. During that period, appellant failed to appear at the rehearing and failed to pay any installments. Appellant's disregard and failure to address these matters provided the district justice with reasonable grounds to believe that appellant would not obey the summons issued to him. Thus, we conclude that the record supports the trial court's finding that the district justice lawfully issued the arrest warrant pursuant to Pa. R.Crim.P. 75(1)(c) because she had reasonable grounds to conclude that appellant would not obey the summons issued to him. Accordingly, we hold that the trial court properly denied appellant's suppression motion.

In his last issue, appellant maintains that the trial court erred when it did not appoint counsel for him following his arrest for failure to pay the traffic fine. Consequently, appellant complains that he was illegally incarcerated and that the marijuana taken from his person should have been suppressed. We disagree.

■ Generally, "there is no requirement, either under the United States Constitution or under the Pennsylvania Constitution, that defendants in all summary cases be provided with counsel." *Commonwealth v. Thomas,* 510 Pa. 106, 111, 507 A.2d 57, 59 (1986). Rather, the right to counsel in summary cases attaches only to those defendants who are unable "to employ counsel *when there is a likelihood that imprisonment*

*will be imposed."* Pa.R.Crim.P. 316(a)(emphasis added); *see also Commonwealth v. Thomas, supra.* Thus, there is no right to counsel where the only sentence provided for in a summary violation is a fine and costs. *See Bacik v. Commonwealth,* 61 Pa.Cmwlth. 552, 556, 434 A.2d 860, 862 (1981). Additionally, as noted above, if an indigency hearing under Pa.R.Crim.P. 85(d) cannot be held immediately, the issuing authority may set bail as provided in Chapter 4000. *See* Comment to Pa.R.Crim.P. 85.

■ Here, appellant's right to counsel never attached because the traffic citation he received was punishable by fine, not imprisonment. *See Bacik v. Commonwealth, supra.* Imprisonment was never a consideration in appellant's initial sentencing. Rather, appellant's imprisonment occurred because he was unable to post bail after he failed to appear at the April 29, 1994 rehearing. As noted above, the district justice properly set bail because she was unable to schedule an indigency hearing immediately after appellant's apprehension and she wanted to insure appellant's appearance at the rehearing. Thus, appellant's third issue lacks merit and the trial court properly denied appellant's suppression motion.

Based upon the foregoing, we affirm appellant's judgment of sentence.

Judgment of sentence affirmed.