J-S11044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALNISSA MATTOX, | : | |
| | : | |
| Appellant | : | No. 837 MDA 2014 |

Appeal from the Judgment of Sentence entered on April 10, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No. CP-36-SA-0000013-2014

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 26, 2015**

Alnissa Mattox ("Mattox") appeals from the judgment of sentence entered after she pled guilty to summary offenses concerning her violations of a provision of the Public School Code governing compulsory school attendance.[1] We affirm.

The trial court set forth the relevant history underlying this appeal as follows:

> On July 10, 2012, [Mattox] appeared without counsel before Magisterial District Judge Bruce A. Roth ("MDJ Roth") …, at which time [Mattox] entered a guilty plea on six separate non-traffic citations for violations of compulsory school

---

[1] **See** 24 P.S. § 13-1327(a); **see also** 24 P.S. § 13-1333(a)(1) (providing, *inter alia*, that "[e]very parent … having control or charge of any child or children of compulsory school age, who shall fail to comply with the provisions of this act regarding compulsory attendance, shall on summary conviction thereof, be sentenced to pay a fine and to pay court costs …, not exceeding three hundred dollars ($300) …, and, in default of the payment of such fine and costs … by the person so offending, shall be sentenced to the county jail for a period not exceeding five (5) days.").

attendance [], for repeatedly failing to send her [ten-year-old] child to school on a regular basis. Pursuant to 24 P.S. § 13-1333, MDJ Roth imposed a statutory fine of $300 on each citation and directed that [Mattox] pay court costs. A payment plan was arranged at that time [whereby Mattox] would pay $50.00 bi-weekly until all fines and costs were paid in full. [Mattox] did not file an appeal [from] the convictions or the sentence.

Because [Mattox] failed to pay on her fines and costs, a payment determination hearing was held before MDJ Roth on January 6, 2014. At the conclusion of the hearing, MDJ Roth determined that [Mattox] was financially able to pay as ordered in the current payment schedule agreement. Therefore, [Mattox] was directed to pay all fines and costs by no later than February 12, 2014[,] or report to Lancaster County Prison to begin serving an 80[-]day jail sentence. On January 17, 2014, [Mattox] filed a summary appeal to the Lancaster County Court of Common Pleas, objecting to the jail sentence imposed by MDJ Roth.

On April 10, 2014, a summary appeal hearing [hereinafter referred to as "the *de novo* hearing"] was held on the instant matter, at which time [Mattox] was represented by Carol Herring, Esq. ("[Attorney] Herring"). During the hearing, [Mattox] testified and acknowledged that her monthly income exceeded her monthly expenses.[FN1] Nevertheless, [Mattox] admitted she had made only one payment on this case since the date of her guilty plea in July 2012, in the total amount of $50.00. At the conclusion of the hearing, [the trial c]ourt determined [that Mattox] was in default of payments on her fines and costs. Furthermore, the [c]ourt found that [Mattox] had a past and present financial ability to comply with the payment plan[,] as implemented on July 10, 2012, which required her to pay $25.00 per week. [Mattox] simply chose not to make the payments, prioritizing cosmetics for herself and hair products for her children over her legal obligation to pay fines and costs.

[FN1] [Mattox] testified she was currently receiving approximately $1,000.00 per month in public assistance and food stamps. [Mattox] further testified that[,] in addition to public assistance and food stamps[,] she received approximately $100.00 per month in child support for her two children[,] until April of 2013.

- 2 -

Additionally, [Mattox] stated that for two years[,] she held a job working 30 hours per week at $10.00 per hour, but she stopped working in August 2012 (one month after conviction)[,] and she has not worked since then. Although [Mattox] claimed [that] she stopped working due to stomach pain, [Mattox] is not receiving Social Security Disability and she failed to produce any documents to substantiate a medical disability. [Mattox's] only fixed monthly expense is rent in the amount of $465. [Mattox] also testified to expenses for food, clothing, cosmetics for herself, and hair products for the children.

Following the [*de novo*] hearing, [Mattox's] summary appeal was dismissed. Pursuant to 24 P.S. § 13-1333, the judgment of [MDJ Roth] was reinstated and [Mattox] was ordered to pay all fines and costs as originally imposed by MDJ Roth. However, the sentence of incarceration imposed by [MDJ Roth] was modified to a sentence of five [] days [of] imprisonment in Lancaster County Prison for each of the five [] summary offenses included in this appeal.[FN2] [Mattox was only sentenced on five of her six summary offenses, as she already had served a term of five days in the Lancaster County Prison on her sixth conviction.] Those sentences were to run consecutive to one another, resulting in an aggregate sentence of twenty-five [] days [of] incarceration.[FN3]

[FN2] Because the maximum period of incarceration allowed by law for each count is "a period not exceeding five (5) days," the [sentencing c]ourt modified the jail sentence imposed by MDJ Roth to reflect a sentence [that] was consistent with the provisions of that specific statute. 24 P.S. § 13-1333(a)(1).

[FN3] Imposition of the jail sentence was deferred until May 16, 2014, at which time [Mattox] was directed to report to Lancaster County Prison unless she had paid in full all fines and costs owing as a result of her guilty pleas to the underlying summary offenses, or unless [Mattox] filed an appeal to the Superior Court of Pennsylvania, in which case the sentence of incarceration would be stayed.

Trial Court Opinion, 6/4/14, at 1-3 (footnotes in original, citations and some capitalization omitted).

Mattox timely filed a Notice of Appeal.[2] On appeal, Mattox presents the following issue for our review: "Did the Court of Common Pleas violate [Mattox's] right to counsel[,] as per Pa.R.Crim[.]P[]. [] 122[3] and [Pa.R.Crim.P.] 454[,[4]] by affirming [MDJ Roth's O]rder imposing an 80[-]day sentence of incarceration in Lancaster County Prison, along with fines and

---

[2] The trial court set forth in its June 4, 2014 Opinion an extensive procedural history concerning Attorney Herring's failure to timely file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and her several requests for continuances. **See** Trial Court Opinion, 6/4/14, at 3-8. However, this matter is not relevant to our disposition of Mattox's appeal. This Court reinstated the appeal following Attorney Herring's omission and our initial dismissal of the appeal, after which new counsel entered his appearance on behalf of Mattox.

[3] Rule 122 provides, in relevant part, that "[c]ounsel shall be appointed … in all summary cases, for all defendants who are without financial resources or who are otherwise unable to employ counsel when there is a likelihood that imprisonment will be imposed[.]" Pa.R.Crim.P. 122(A)(1).

[4] Rule 454 provides, in relevant part, as follows:

> [I]f, in the event of a conviction [in a summary case], there is a reasonable likelihood of a sentence of imprisonment or probation, the defendant shall be advised of the right to counsel and
>
> > (a) upon request, the defendant shall be given a reasonable opportunity to secure counsel, or
> >
> > (b) if the defendant is without financial resources or is otherwise unable to employ counsel, counsel shall be assigned as provided in Rule 122[.]

Pa.R.Crim.P. 454(A)(2).

- 4 -

costs, as a result of [Mattox's] indigence …?"   Brief for Appellant at 2

(footnotes added).

Based upon Rules 122(A)(1) and 454(A)(2), *supra*, Mattox maintains

that she is entitled to dismissal of all charges,[5] arguing as follows:

> Mattox is indigent.  [] Mattox made both MDJ Roth and [the trial
> court] Judge [] aware of her indigency and lack of financial
> resources to pay the assessed fines.  As a result of her inability
> to pay the assessed fines, there was a likelihood imprisonment
> would ensu[]e.  Due to [] Mattox's indigency and the likelihood
> imprisonment would ensu[]e, [she] should have been advised of
> her right to counsel and had counsel appointed.  As [Mattox] was
> not advised of her right to counsel and because no counsel was
> appointed for [her], the charges [] from the Magisterial District
> Court should be dismissed.

*Id.* at 6-7.  Because Mattox's issue presents a question of law, our standard

of review is *de novo* and our scope of review is plenary.  **Commonwealth v.**

**Williams**, 84 A.3d 680, 684 (Pa. 2014).

Generally, "there is no requirement, either under the United States

Constitution or under the Pennsylvania Constitution, that defendants in all

summary cases be provided with counsel."  **Commonwealth v. Thomas**,

507 A.2d 57, 59 (Pa. 1986) (footnote omitted); **see also Argersinger v.**

**Hamlin**, 407 U.S. 25, 43 (1972).  Rather, the right to counsel in summary

cases attaches only to those defendants who are indigent or "unable to

employ counsel *when there is a likelihood that imprisonment will be*

*imposed*[.]"   Pa.R.Crim.P.  122(A)(1)  (emphasis  added);  **see  also**

---

[5] Mattox does not challenge the propriety of her underlying convictions for
compulsory school attendance, as she did not timely file an appeal from
these convictions.  **See** Pa.R.Crim.P. 460(a).

*Commonwealth v. Cannon*, 954 A.2d 1222, 1227 (Pa. Super. 2008) (stating that "Pa.R.Crim.P. 122 authorizes the court to conduct case-by-case evaluations of individual defendants' circumstances in order to ascertain whether counsel should be appointed." (footnote, quotation marks and citation omitted)). Therefore, "[t]here is no right to counsel where the only sentence provided for in a summary violation is a fine and costs." *Commonwealth v. Smith*, 868 A.2d 1253, 1256 (Pa. Super. 2005) (citing *Commonwealth v. Long*, 688 A.2d 198, 201 (Pa. Super. 1996)).

In the instant case, the summary offenses for which Mattox was charged did not carry a possible sentence of imprisonment; rather, the only possible penalty, and the penalty that was actually imposed, was the imposition of fines and costs. *See* 24 P.S. § 13-1333(a)(1). Accordingly, Mattox was not entitled to the appointment of counsel. *See Smith, supra*; *see also Commonwealth v. Blackham*, 909 A.2d 315, 318 (Pa. Super. 2006) (where the indigent appellant was charged with a summary offense that was punishable by imprisonment, but she was penalized with only a fine and court costs, holding that "[b]ecause the trial court determined before trial that a term of imprisonment was unlikely, and no term of imprisonment was imposed, the trial court correctly concluded that it had no obligation to appoint counsel. *See* Pa.R.Crim.P. 122(A)(1).").

Moreover, in the trial court's Opinion issued after the *de novo* hearing, the court correctly observed that "[e]ven when the possibility of imprisonment may arise upon a default of fines and costs payments, the

right to counsel does not attach at proceedings to determine a defendant's guilt or innocence of the summary offense itself." Trial Court Opinion, 6/4/14, at 7 n.5 (citing **Bacik v. Commonwealth**, 434 A.2d 860, 862-63 (Pa. Cmwlth. 1981) (applying the predecessor Rules to Pa.R.Crim.P. 122 and 456,[6] and holding that the Magisterial District Court properly denied the indigent defendant's request for the appointment of counsel where (1) the only penalty authorized by the ordinance in question was fines and costs; and (2) "the possibility of a sentence of imprisonment only comes into play upon a determination of default in a second and subsequent hearing" if the court finds that the defendant had the ability to pay.)).

At the *de novo* hearing in this case, the trial court conducted a thorough inquiry concerning Mattox's financial status, income, employment history, medical status, and monthly expenses, in order to determine her ability to pay the fines and costs. **See** N.T., 4/10/14, at 25-55. Mattox was represented by Attorney Herring at the *de novo* hearing. After considering Mattox's testimony, and evaluating her credibility, the trial court found that Mattox had the ability to pay her fines and costs (under the installment plan of $25.00 per week), but refused to do so. **See id.** at 57-58, 63; **see also** Trial Court Opinion, 6/4/14, at 2.

---

[6] Rule 456 provides, in relevant part, that, if a defendant fails to pay fines, costs or restitution as ordered, he or she can only be imprisoned if, after hearing, it is determined that the defendant has the ability to pay and refuses. **See** Pa.R.Crim.P. 456(B), (C).

Based upon the foregoing, we conclude that there was no violation of Mattox's right to counsel, and thus affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2015