J-A17006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK HAMM, | |
| Appellant | No. 2920 EDA 2015 |

Appeal from the Judgment of Sentence August 31, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-SA-0002192-2015;
CP-51-SA-0002193-2015
CP-51-SA-0002194-2015

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED AUGUST 19, 2016**

Appellant, Derrick Hamm, appeals *pro se* from the judgment of sentence imposed pursuant to his negotiated guilty plea to three summary offenses of cruelty to animals.[1] We affirm.

In its November 25, 2015 opinion, the trial court aptly set forth the relevant background of this case, as follows:

> On April 21, 2015, [Appellant] was cited for three summary offenses for cruelty to animals (three horses). On June 9, 2015, [Appellant] appeared before the Honorable Marvin Louis Williams Sr. at a trial and was found guilty of all three summary offenses. He was ordered to pay restitution in the amount of $1,550.56 for each horse, the immediate forfeiture of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5511(c)(1).

any animals, and was prohibited from having any animals for ninety days. On July 9, 2015, [Appellant] filed a [counseled] notice of appeal [to the trial court].

On August 31, 2015, on appeal, [Appellant] appeared before th[e trial c]ourt and entered into a negotiated guilty plea to all three summary offenses for cruelty to animals. This same day, th[e trial c]ourt imposed the negotiated sentence, which included . . . reduced restitution [and fines,] the immediate forfeiture of any animals, and a ninety-day prohibition from having any animals. The ninety-day prohibition was to run consecutive for each offense for a total of nine months.

On September 29, 2015, [Appellant] filed a timely notice of appeal, *pro se*. The next day, th[e trial c]ourt ordered [Appellant] to submit a statement of [errors] complained of on appeal pursuant [to] Pa.R.A.P. § 1925(b). [**See** Pa.R.A.P. 1925(b).]

On October 26, 2015, because defense counsel never filed a petition[] to withdr[a]w following the negotiated plea, [the] Superior Court ordered defense counsel to clarify [Appellant's] representation status. On November 2, 2015, th[e trial court] granted counsel's motion to withdraw. On the same date, th[e trial c]ourt also filed an order, *sua sponte*, giving [Appellant] a one-week extension—until November 9, 2015—to file a concise statement of [errors] complained of [on] appeal.[2]

On November 9, 2015, [Appellant] filed a *pro se* letter in which he requested th[e trial c]ourt to appoint him counsel. On November 12, 2015, th[e c]ourt informed [Appellant] that he was not entitled to counsel for a summary appeal[,3] and

_____

[2] A trial court can extend the period of time for filing a Rule 1925(b) statement for good cause. **See** Pa.R.A.P. 1925(b)(2), Note.

[3] "Generally, there is no requirement, either under the United States Constitution or under the Pennsylvania Constitution, that defendants in . . . summary cases be provided with counsel." **Commonwealth v. Long**, 688 A.2d 198, 201 (Pa. Super. 1996) (citations and internal quotation marks omitted). "[Specifically,] there is no right to counsel where the only

*(Footnote Continued Next Page)*

instructed him to file, forthwith, a concise statement of [errors] complained of on appeal. …

(Trial Court Opinion, 11/25/15, at 1-2) (unnecessary capitalization omitted).

Appellant has failed to file the court-ordered Rule 1925(b) statement.[4]

Therefore, we begin by observing the well-settled law that:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte* . . . .

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011).

Here, because Appellant failed to file the Rule 1925(b) statement as ordered, any issue he attempts to raise on appeal is waived.[5] ***See id.***

Hence, we affirm the judgment of sentence. ***See In re K.L.S.***, 934 A.2d

_(Footnote Continued)_ ───────────────

sentence provided for in a summary violation is a fine and costs." ***Id.*** (citation omitted).

[4] The court filed an opinion on November 25, 2015. ***See*** Pa.R.A.P. 1925(a).

[5] We also observe that Appellant's one-page handwritten brief does not comply with any of our Rules of Appellate Procedure, and fails to raise an issue for our review. (***See*** Appellant's Brief, at unnumbered page 1); ***see also*** Pa.R.A.P. 2111. Appellant merely maintains that "the truth has not been told." (Appellant's Brief, at unnumbered page 1) (capitalization omitted). Because the defects in Appellant's brief are substantial, we could quash on this basis. ***See*** Pa.R.A.P. 2101.

1244, 1246 n.3 (Pa. 2007) (observing, "When the appellant has failed to preserve issues for appeal, the issues are waived, and the lower court's order is . . . 'affirmed.'") (citation omitted).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2016