J-A18002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHAWN CRAWFORD | |
| Appellant | No. 1221 WDA 2016 |

Appeal from the Judgment of Sentence July 20, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-SA-0000075-2016

BEFORE:  BOWES, LAZARUS, AND OTT, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 17, 2017**

Shawn Crawford appeals from judgment of sentence of fines and costs imposed after he was convicted of various summary violations under the Dog Law.[1]  We affirm.

On August 26, 2015, Appellant's German Shepard dog named "Roscoe" seriously injured a dog owned by James Record.  The incident occurred off Appellant's property and Roscoe was unrestrained.  The    day after the incident, Appellant relinquished ownership of Roscoe to the

---

[1] The charges are: (1) harboring a dangerous dog (3 Pa.C.S. § 459-502-A (a)(1)(ii)); (2) unlawful confinement and control (3 Pa.C.S. § 459-305(a)(3)); (3) failure to properly license dog (3 Pa.C.S. § 549-201(a)); (4) failure to vaccinate against rabies (3 Pa.C.S. § 455.8(a)(1)).

Washington Area Humane Society ("the Humane Society"). The Humane Society evaluated Roscoe and found that he was a good candidate for adoption. Within a few weeks, a family that lived outside Fayette County ("New Owners") adopted Roscoe.

In October 2015, Mr. Record sent a certified letter to Appellant asking him to pay $5,000 in veterinarian bills. Appellant did not respond. On March 17, 2016, Fayette County Animal Control Officer Gary L. Hoffman filed a criminal complaint against Appellant alleging numerous summary offenses under the Dog Law. All charges were based on contemporaneous reports from the police and animal control authorities. After one postponement, the hearing took place on May 4, 2016, but Appellant did not appear. Based on Mr. Record's uncontested testimony, Appellant was found guilty, and the magisterial district justice awarded restitution in the amount of $5,700, plus costs and fines.

Appellant filed a timely appeal to the Court of Common Pleas on May 31, 2016. A motion to vacate the charges was filed by Attorney Molly Maguire Gaussa on behalf of New Owners. On June 7, 2016, the trial court held a hearing on the motion. Appellant attended but was unrepresented. New Owners maintained that they were interested parties as they did not want the dangerous dog label to follow Roscoe. The trial court denied the motion.

At that hearing, Attorney Gaussa made an oral motion for continuance of the trial because she was unavailable on the scheduled trial date. The trial court initially indicated that it would entertain a continuance to accommodate Attorney Gaussa. However, after realizing that Attorney Gaussa was representing New Owners, not Appellant, the trial court denied the motion, finding that New Owners lacked standing to seek a continuance. At the conclusion of that hearing, Attorney Gaussa expressed a willingness to represent Appellant at trial, *pro bono*.

On July 8, 2016, Appellant filed a *pro se* "routine" motion for continuance of the July 20, 2016 trial without obtaining the Commonwealth's consent. The trial court denied the motion without prejudice on July 11, 2016, because local rules require parties to file a "priority" motion for continuance, which requires a hearing, when they do not have the opposing party's consent. Appellant did not seek the consent of the Commonwealth or file a priority motion and, consequently, the case proceeded to trial as scheduled on July 20, 2016.

As trial commenced, Attorney Gaussa had not entered her appearance as Appellant's attorney of record. Appellant appeared *pro se* at trial and did not contest his guilt. The trial court asked Appellant if he had reached any agreement with the Commonwealth, to which Appellant replied that they had discussed the fines. Appellant represented to the court that he wanted to contest the $5,700 restitution award lodged against him. At this point in the

- 3 -

proceedings, the trial court asked Officer Hoffman to explain why the magisterial district court had ordered restitution. Following his explanation, the trial court asked Appellant if his challenge was limited to the amount of the restitution fees, to which Appellant replied in the affirmative. The trial court found Appellant guilty and reinstated the sentence imposed by the magisterial district justice with regard to fines and costs, but vacated the restitution award. No post-sentence motion was filed.

On August 16, 2016, Attorney Gaussa entered her appearance on behalf of Appellant and filed this timely appeal. That same day, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one days. When Appellant failed to file a Rule 1925(b) concise statement, the trial court filed a Statement in Lieu of Opinion on September 16, 2016, urging this Court to dismiss the appeal since all issues were waived due to Appellant's failure to file the Rule 1925(b) statement. Appellant filed his Rule 1925(b) concise statement the same day, prompting the trial court to issue a supplemental opinion on October 20, 2016, addressing the issues identified therein "[i]n the event that the Superior Court addresses Appellant's claims." Trial Court Supplemental Opinion, 10/20/16, at 1.

Appellant presents the following issues for our review:

1. Whether the trial court erred and/or abused its discretion when it denied [Appellant] due process under the

Pennsylvania Constitution and the Constitution of the United States?

2. Whether the trial court was without jurisdiction over this case as the subject of the criminal charges, the dog, was not owned by [Appellant] at the time charges were filed nor had the dog been kept in Fayette County for over seven months when the charges were filed against [Appellant]?

3. Whether the trial court erred and/or abuse[d] its discretion in admitting irrelevant and unfairly prejudicial evidence without defense counsel present, [when] by prior appearances on the issue at hand the court was aware of the defense counsel on this case and the circumstances for the defense counsel's unavailability the date of the scheduled summary appeal trial?

4. Whether the Court erred and/or abused its discretion in denying Appellant['s] pro se request[] for a continuance prior to the trial date and by not affording Appellant the opportunity for a continuance at the time of the trial to allow his counsel to be present as the circumstances surrounding counsel's unavailability were known to the court?

5. Whether the court erred and/or abused its discretion in granting counsel's request for a continuance dated June 7, 2016 in motions court then proceeded to deny Appellant's direct request for a continuance?

6. Whether the trial court erred and/or abused its discretion in allowing the Appellant to proceed without counsel and enter into a guilty plea without counsel present or discussing with counsel, as this action waived his Constitutional right to be confronted by his accuser and the accuser was not present on the date of the trial?

Appellant's brief at 8-10 (unnecessary capitalization omitted).

Preliminarily, we must address the effect of Appellant's failure to timely comply with Pa.R.A.P. 1925(b), which is a prerequisite to appellate merits review. Attorney Gaussa entered her appearance and filed the appeal

- 5 -

on Appellant's behalf. Thus, Appellant was represented by counsel when the Rule 1925(b) statement was ordered. Counsel's failure to file a Rule 1925(b) statement has been held to constitute *per se* ineffective assistance of counsel, and the remedy is to remand to permit the *nunc pro tunc* filing of such a statement and to give the trial court the opportunity to address the issues raised therein. **See** Pa.R.A.P. 1925(c)(3). Here, however, as in **Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2009), counsel did not completely fail to file a Rule 1925(b) statement. Rather, the statement was untimely filed. As we recognized in **Burton**, the untimely filing of a Pa.R.A.P. 1925(b) statement on behalf of a defendant seeking to appeal is the equivalent of a complete failure to file because it results in waiver of all issues on appeal without any reasonable basis. However, where a statement has been filed, albeit late, and the trial court has issued an opinion addressing the issues raised, remand would not serve any purpose. Thus, we held in **Burton** that, in such circumstances, this Court may decide the appeal on the merits.

That is precisely the situation herein. Counsel was *per se* ineffective in failing to timely file the Rule 1925(b) statement. However, since such a statement was filed and the trial court addressed the issues raised therein, we will proceed to the merits.

Appellant alleges first that he was deprived of due process and his right to counsel because the court denied his request for continuance and

failed to inform him of the charges against him. In his Pa.R.A.P. 1925(b) statement, Appellant purported to preserve this alleged error as follows: "Appellant was denied due process." The trial court found this statement too vague to address, and dismissed it as meritless on that basis. We concur.

We have explained that a Rule 1925(b) statement "must properly specify the error to be addressed on appeal." **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa.Super. 2011). "The Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." **Id**. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa.Super. 2001). "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." **Id**. at 686-87.

In the instant case, Appellant's Rule 1925(b) concise statement vaguely levels the accusation that there was some due process violation at some point in time. It was not specific enough to allow for a cogent analysis by the trial court. We find Appellant's first issue waived for lack of specificity in Appellant's 1925(b) concise statement. **See** Pa.R.A.P. 1925(b)(4). However, to the extent that Appellant's due process claim overlaps other issues specifically articulated in his Rule 1925(b) concise statement and raised herein, we will address his concerns.

Second, Appellant challenges the Fayette County Court of Common Pleas' jurisdiction to hear this case.[2] He alleges that since Roscoe was owned by persons who did not reside in Fayette County at the time charges were filed, Fayette County lacked jurisdiction. This challenge is without merit.

All courts of common pleas have statewide jurisdiction over any case arising under the Crimes Code. *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003). Appellant's complaint actually resembles a challenge to venue, the procedural protection designed so that a party is tried in the court closest to where the crime occurred because the evidence and witnesses are most likely to be located there. *Id*. Venue is generally appropriate in the court with the closest geographical connection to the events at issue. *Commonwealth v. Brookins*, 10 A.3d 1251, 1258-59 (Pa.Super. 2010) (citing *Bethea*, *supra* at 1075).

The facts of the instant case are undisputed. At the time of the incident, Appellant owned Roscoe. Roscoe escaped from Appellant's residence and attacked Mr. Record's dog, all within Fayette County. Further, a Fayette County animal control officer filed the private complaint. Thus, the

_____

[2] As part of his challenge to jurisdiction, Appellant challenges his conviction as a dog owner under the definition of owner in the Pennsylvania Dog Law, 3 P.S. § 459-502(a)(3), which he maintains is unconstitutionally vague. This challenge, asserted for the first time on appeal, is waived.

court with the closest geographical connection to the events at issue was the Fayette County Court of Common Pleas and the venue herein was proper.

In this third issue, Appellant alleges that the trial court erred in permitting Officer Hoffman to offer hearsay testimony without the administration of an oath. Appellant's brief at 28-29; Pa.R.E. 603. He contends that this violated the Confrontation Clause and the Pennsylvania Rules of Evidence's prohibition against hearsay testimony. Since Appellant did not object at the time, he failed to preserve the issue for appellate review. However, Appellant attributes his failure to object to the fact that he was wrongfully denied his right to counsel and "vulnerable." Appellant's brief at 29. This contention, together with Appellant's fourth issue, that the court abused its discretion in denying a continuance to permit counsel to be present at the summary trial, relate to Appellant's final issue: that he was denied the right to counsel. For ease of disposition, we address Appellant's sixth issue first: the right to counsel.

Appellant argues that the trial court erred by allowing him to proceed without counsel. Appellant's claim, at its essence, is that he should have been afforded counsel to advise him to contest the district justice's guilty verdict. He suggests that if he had counsel at the summary trial, counsel might have brought a motion to dismiss or advised Appellant to proceed differently. *See* Appellant's brief at 40. He avers that the trial court erred by failing to advise him of his right to counsel or appointing counsel on his

behalf or continuing the case until counsel could be present. Furthermore, he contends that his lack of counsel resulted in the Commonwealth's introduction of hearsay evidence, depriving him of his right to confront his accuser. For the following reasons, Appellant's claims lack merit.

It is well-settled that, "[g]enerally, there is 'no requirement, either under the United States Constitution or under the Pennsylvania Constitution, that defendants in all summary cases be provided with counsel.'" *Commonwealth v. Smith*, 868 A.2d 1253, 1256 (Pa.Super. 2005) (quoting *Commonwealth v. Long*, 688 A.2d 198, 201 (Pa.Super. 1996)). An indigent defendant charged with a summary offense is entitled to appointed counsel where there is a reasonable likelihood of imprisonment. Pa.R.Crim.P. 122, 454(A)(2)(b). Further, for a summary trial, a defendant is only entitled to be advised of a right to counsel if there is "a reasonable likelihood of a sentence of imprisonment or probation." Pa.R.Crim.P. 454(A)(2). A reasonable likelihood of imprisonment or probation requires more than the mere possibility under the statute. *See Commonwealth v. Blackham*, 909 A.2d 315, 318 (Pa.Super 2006) (citing *Argersinger v. Hamlin*, 407 U.S. 25 (1972)).

The statute under which Appellant was charged allows for a sentence of no more than ninety days imprisonment. 3 Pa.C.S. § 459-903(b)(1). However, the Commonwealth did not seek imprisonment or probation, the magisterial district justice did not sentence Appellant to imprisonment, and

the trial court clearly had no interest in sentencing Appellant to a term of imprisonment. In fact, as noted *supra*, the Commonwealth and Appellant indicated to the trial court that the concern was the restitution, not the underlying charges. N.T., 7/20/16, at 3, 5, 8. The trial court vacated the restitution award. *Id*. at 8.

Appellant does not offer any support for his contention that he was constitutionally entitled to counsel at his summary trial. He argues only that he had the right to present his own defense and the right to confront the witnesses against him, which no one contests. In this case, there was no reasonable likelihood of a sentence of imprisonment or probation and Appellant did not receive a sentence of imprisonment or probation.[3] Thus, he was not entitled to counsel or to be advised by the trial court of any right to counsel, and the trial court did not err by proceeding without counsel present.

Nor did the absence of counsel result in any violation of the Confrontation Clause. The Confrontation Clause of the Sixth Amendment of the United States Constitution entitles a criminal defendant to an opportunity to challenge the evidence and witnesses presented against him.

---

[3] While not dispositive, the fact that Appellant was not sentenced to a term of imprisonment or probation is probative. **See Commonwealth v. Blackham**, 909 A.2d 315, 318 (Pa.Super. 2006) (listing the fact that the appellant was not sentenced to imprisonment and only received fines as a factor in its Pa.R.Crim.P. 122 analysis).

U.S.Const.Amend. VI; *see Commonwealth v. Brown*, 139 A.3d 208, 212 (Pa.Super. 2016). The Confrontation Clause applies to witnesses providing testimony for the purposes of establishing or proving a fact in the case against the accused. *Id*. (citing *Crawford v. Washington*, 562 U.S. 36, 51 (2004)). Thus, in this case, Appellant had the right to challenge any evidence or testimony adduced at trial for the purpose of proving his guilt, although he chose not to do so. He only sought relief from the restitution award.

As trial commenced, the Commonwealth represented to the court that it had worked out a resolution with Appellant. *Id*. at 3. The court then inquired of Appellant whether he was represented by Ms. Gaussa. Appellant informed the court that Ms. Gaussa "ended up taking my case pro bono, but . . . she ended up leaving to get married and she's out." *Id*. Upon confirming that Attorney Gaussa never entered an appearance of Appellant's behalf, the court asked Appellant whether he had negotiated an agreement with the Commonwealth. Appellant acknowledged that they had discussed the fines but told the court that, "the fines ain't really the problem. It's mainly the $5,700 vet bill." *Id*. The court told Appellant that was a civil matter and that he was not going to order Appellant to pay the veterinary bills. *Id*. Appellant questioned the effect of the district justice's order to pay the $5,700 bill.

At that point, the court turned to Officer Hoffman and asked him if he understood what Appellant was saying about restitution. The officer advised the court that the owner of the dog that was attacked testified that he incurred $5,700 in damages to his dog. *Id*. at 6. The district justice imposed fines, costs, and the entire amount of the veterinary bill as restitution. The trial court and the Commonwealth agreed that the veterinary bills were a civil matter.

The trial court specifically asked Appellant whether he was challenging the underlying charges:

> The Court: All right, so Mr. Crawford, you're not disputing the allegations that, what happened with the dog, you just don't want to pay the vet bill basically? That's your issue?
>
> The Defendant: Basically, yes.

*Id*. at 8.

The record reveals that Officer Hoffman did not "testify" or offer evidence regarding the charges. The officer was not sworn in as a witness because there was no need for his testimony. Furthermore, his response to the trial court was not "hearsay" as it was not elicited to establish Appellant's guilt or innocence. Since Appellant did not contest the charges, the Commonwealth did not present a case against Appellant and no evidence was adduced at trial to prove Appellant's guilt. There were no witnesses to confront as no evidence or testimony was presented to prove facts tending to establish his guilt. *See Crawford*, *supra*, at 51 (the Confrontation

Clause applies to witnesses who bear testimony for the purpose of establishing some fact establishing the guilt of the accused). Thus, Appellant's Confrontation Clause rights were neither implicated nor violated. The trial court granted Appellant's request for relief from restitution, but upheld the district justice's finding of guilt. *Id*.

Since Appellant was not legally entitled to counsel, the denial of the continuances that would have allowed counsel to attend the summary trial did not implicate that right. To the extent that Appellant simply alleges that the trial court erred in denying both Attorney Gaussa's oral request for a continuance and Appellant's subsequent *pro se* request for a continuance, we address it on that basis.

> "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." ***Commonwealth v. Boxley***, 948 A.2d 742, 746 (Pa. 2008). "An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record[.]" *Id*. Moreover, "[a] bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion." ***Commonwealth v. Ross***, 57 A.3d 85, 91 (Pa.Super. 2012). "An appellant must be able to show specifically in what manner he was unable to prepare for his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice." *Id*.

***Commonwealth v. Antidormi***, 84 A.3d 736, 745-46 (Pa.Super. 2014) (internal parentheticals omitted).

Attorney Gaussa, appearing as counsel for New Owners, orally requested a continuance of the summary trial at the June 7, 2016 motions court hearing. Attorney Gaussa was not Appellant's counsel, and had no standing to seek a continuance. Appellant maintains, however, that because the trial court initially intimated a willingness to change the trial date to accommodate Attorney Gaussa's schedule, it abused its discretion when it later denied the request.

The trial court explained the reasons why it changed its mind regarding Attorney Gaussa's requested continuance:

> [T]his court only entertained Attorney Gaussa's oral motion for continuance during motions court on June 7, 2016 because this court was under the impression that she would represent Appellant. However, since Attorney Gaussa only represented the subsequent dog owners and not Appellant, then the subsequent dog owners lacked standing to request a continuance in this matter.

Trial Court Supplemental Opinion, 10/20/16, at 6 (unnecessary capitalization omitted). Thus, the court likely would have granted the continuance if the moving party had standing and if Attorney Gaussa was Appellant's counsel of record. We find no abuse of the trial court's discretion in its denial of this request for continuance.[4]

_____

[4] Arguably Appellant does not make the requisite showing of prejudice due to the denial. **See Commonwealth v. Antidormi**, 84 A.3d 736, 745-46 (Pa.Super. 2014). He sought relief from the restitution that had been
*(Footnote Continued Next Page)*

- 15 -

Appellant maintains further that the denial of his *pro se* request for a continuance constituted an abuse of discretion because it was based on a local policy. In support of his position, Appellant cites our sister court's decision in ***Gillespie v. Department of Transportation***, 886 A.2d 317 (Pa.Cmwlth. 2005), which while not binding, may be cited as persuasive authority. ***See Little Mt. Cmty. Ass'n v. S. Columbia Corp***, 92 A.3d 1191, 1198 n.14 (Pa.Super. 2014) (quoting ***In re Barnes Foundation***, 74 A.3d 129, 134 n.4 (Pa.Super. 2013)). In ***Gillespie***, the trial court blindly adhered to a policy of only allowing continuances where both parties agreed. The Commonwealth Court held that the trial court abused its discretion because it did not exercise any discretion at all.

The Fayette County policy herein is inapposite. As the trial court explained, there are two types of continuance motions, "routine" and "priority." ***See*** Trial Court Supplemental Opinion at 5. When both parties agree to a continuance, a routine motion so stating is filed and ruled upon without a hearing. ***Id***. In the event one or more parties do not consent to the continuance, a priority motion must be filed and presented to the court for a ruling on the motion. ***Id***. In this case, Appellant filed a routine motion but without the Commonwealth's consent. ***Id***. Unlike the trial court in

*(Footnote Continued)* —————————————

imposed by the magisterial district judge. The trial court granted him the relief he sought.

***Gillespie***, the Fayette County Court of Common Pleas does not have a "standing policy that all parties must agree to a continuance." ***Gillespie***, ***supra*** at 319. Rather, when all parties do not consent, the trial court must exercise its discretion and determine whether to grant a motion for continuance. Appellant's failure to follow the proper procedure deprived the trial court of the opportunity to exercise its discretion. This claim fails.

For all of the foregoing reasons, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017