J-A27030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IRENE F. MILLER | : | |
| | : | |
| Appellant | | No. 770 WDA 2017 |

Appeal from the Order Entered May 2, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0000317-2017

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 5, 2018**

Appellant, Irene F. Miller, appeals *pro se* from the order imposed in the Court of Common Pleas of Allegheny County on May 2, 2017, following her conviction of a motor vehicle offense.  After diligently attempting review, we quash her appeal.

The trial court summarized the procedural history of this case as follows:

On May 2, 2017, following a *de novo* hearing, this [c]ourt adjudicated [Appellant] guilty of violating 75 Pa.C.S.A. § 3308,[1]

---

[1] Section 3308(b) of the Motor Vehicle Code defines this violation as follows: "**Driving on one-way roadway.**--Upon a roadway designated for one-way traffic, a vehicle shall be driven only in the direction designated at all or such
*(Footnote Continued Next Page)*

one-way roadways, and imposed a fine of $25.00, plus costs. On May 26, 2017, [Appellant] filed an appeal to the Superior Court of Pennsylvania.[2]   On May 31, 2017, this [c]ourt [o]rdered [Appellant] to file a 1925(b) Statement within 21 days, which was timely filed on June 9, 2017.

Trial Court Opinion, 6/20/17, at 1.  The trial court filed its Pa.R.A.P. 1925(a) opinion on June 20, 2017.

Appellant has filed an untitled pleading with this Court that consists of a compilation of various documents, including a list of docket entries, the trial court opinion, a list of vehicle code provisions, a page from what appears to be an unidentified textbook, a course completion certificate from "The AAA Driver Improvement Program," and various photographs with hand-written notes.  Also included in this filing is a two-page "Statement of Facts" that appears to have been prepared by Appellant.  For lack of a better term, and for ease of reference, we shall refer to this filing as "Appellant's Brief."  Despite this reference, we are compelled to address the significant deficiencies of this filing.

*(Footnote Continued)* ─────────────

times as shall be indicated by official traffic-control devices." 75 Pa.C.S. § 3308(b).

[2]  Appellant petitioned the court for leave to proceed *in forma pauperis* on appeal, and the trial court granted that request by order entered February 21, 2017.  Although Appellant was granted permission to proceed *in forma pauperis*, she was not entitled to counsel on appeal.  "[T]here is no right to counsel where the only sentence provided for in a summary violation is a fine and costs."  **Commonwealth v. Smith**, 868 A.2d 1253, 1256 (Pa. Super. 2005) (quoting **Commonwealth v. Long**, 688 A.2d 198, 201 (Pa. Super. 1996)).

Our rules of appellate procedure provide that where the defects in a brief are so substantial as to preclude meaningful judicial review, the appeal may be quashed or dismissed. Pa.R.A.P. 2101. Herein, Appellant's brief fails to comply with any of the requirements outlined in Pa.R.A.P. 2111. The purported brief lacks a statement of jurisdiction; statement of the scope and standard of review; statement of the questions involved; statement of the case; summary of argument; and argument section. Pa.R.A.P. 2111.

Moreover, to the extent that Appellant attempts to level any arguments in her "statement of facts", those arguments are undeveloped and incomplete. Pursuant to Pa.R.A.P. 2119(a), "[t]he argument shall be divided into as many parts as there are questions to be argued ... followed by such discussion and citation of authorities as are deemed pertinent." Appellant fails to develop any argument with citation to the record or pertinent authority, and the statement contains nothing more than a list of facts presented in the light most favorable to her. Because Appellant's brief flagrantly ignores the Pennsylvania Rules of Appellate Procedure, we are unable to clearly define her exact point of controversy. While the trial court surmised that Appellant was challenging the sufficiency of the evidence supporting her conviction, we decline to engage in such speculation. Appellant has failed to provide us with a proper brief, and therefore, we are unable to conduct meaningful appellate review.

We acknowledge that Appellant has filed this brief *pro se*, but have stated the following in such circumstances:

> While this Court is willing to liberally construe materials filed by a *pro se* litigant, we note that [a]ppellant is not entitled to any particular advantage because she lacks legal training. As our Supreme Court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing. Consequently, we decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof.

*Commonwealth v. Greenwalt*, 796 A.2d 996, 997 (Pa. Super. 2002) (internal citations and quotation marks omitted). Because the defects in Appellant's brief are substantial and preclude this Court from conducting any meaningful appellate review, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2018

- 4 -