J-S33043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAY A. BROWN | : | |
| | : | |
| Appellant | : | No. 326 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0001578-2022

BEFORE: BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: OCTOBER 6, 2023**

Appellant Kay A. Brown files this *pro se* appeal from the judgment of sentence entered by the Court of Common Pleas of Allegheny County, which conducted a trial *de novo* on Appellant's summary appeal from the guilty verdict entered by the magisterial district judge on the charge of Driving While Operating Privilege is Suspended or Revoked (non-DUI related) in violation of 75 Pa.C.S.A. § 1543(a). We affirm.

The trial court provided the following factual background:

> During the hearing of February 17, 2023, Officer Jason Woleslagle, with the Pleasant Hills Police Department, testified that on October 9, 2022, he was investigating a vehicle accident that had occurred in a parking lot and saw that [Appellant's] vehicle had a broken rear window from the crash. [Appellant] was the registered owner of the vehicle. There was someone in the

---

[*] Former Justice specially assigned to the Superior Court.

passenger's seat of the vehicle but no one was in the driver's seat.[1] The keys were not in the vehicle.

After a while, [Appellant] exited a food shop called Jersey Mike's and identified herself as being the operator of the vehicle. Officer Woleslagle testified that [Appellant] "identif[ied] herself as the owner and operator of the vehicle …" Later in the hearing, in response to [the trial] court's questions, Officer Woleslagle explained that he confronted [Appellant] after she had exited the food shop[, indicating] "I asked her for her license. She said she had no license and I asked how did she get here, she drove the vehicle here to go pick up food at Jersey Mike's." [The trial court] questioned whether [Appellant] said she drove and Officer Woleslagle responded "[s]he said she operated the vehicle, she told me she drove the vehicle."

Trial Court Opinion, 5/12/23, at 1-2 (citations omitted). The Commonwealth admitted an exhibit from the Pennsylvania Department of Transportation indicating that Appellant's license had been suspended.

On February 17, 2023, the Court of Common Pleas held a hearing on Appellant's summary appeal after which it affirmed the finding and sentence imposed by the magistrate in which Appellant was ordered to pay a $200.00 fine plus costs. On March 16, 2023, Appellant filed this timely *pro se* appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2]

_____

[1] Appellant indicated at trial that the passenger was her husband, who could not walk and would have been unable to drive her vehicle.

[2] We note that defendants in summary cases do not generally have a constitutional right to be provided with counsel. **Commonwealth v. Long**, 688 A.2d 198, 201 (Pa.Super. 1996). Rather, "[t]he right to counsel in summary cases "attaches only to those defendants who are unable 'to employ counsel *when there is a likelihood that imprisonment will be imposed*." **Id.** (citing Pa.R.Crim.P. 316(a)) (emphasis added). Thus, this Court found that "there is no right to counsel where the only sentence provided for in a summary violation is a fine and costs." **Long**, 688 A.2d at 201.

Appellant raises the following issues for review on appeal:

1. Did the Courts have sufficient evidence in supporting the Appellant was driving.

2. Whether the evidence was sufficient to prove that the Appellant was driving on a public highway or roadway.

3. Did the Officer retrieve the video of the incident from Southland Shopping Center.

4. Did the Officer call or reveal the name of the eyewitness or Officer 2 for testimony.

Appellant's Brief, at 2.

We are guided by the following standard of review:

Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether the trial court committed an error of law and whether competent evidence supports the findings of fact. ***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Parks***, 768 A.2d 1168, 1171 (Pa. Super. 2001). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." ***Id.*** (citation omitted).

***Commonwealth v. Ishankulov***, 275 A.3d 498, 502 (Pa.Super. 2022).

In the first two issues, Appellant argues that there was insufficient evidence to support her conviction for Driving While Operating Privilege is Suspended or Revoked under Section 1543(a).

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission

thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336–37 (Pa.Super. 2019).

Section 1543(a) provides, in relevant part:

any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 1543.

The Vehicle Code defines "highway" and "trafficway" as follows:

"**Highway**." The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.

"**Trafficway**." The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

75 Pa.C.S.A. § 102.

Specifically, Appellant argues that the Commonwealth failed to prove that she was 1) driving a vehicle or 2) driving on a highway or trafficway. Appellant argues that she never told Officer Woleslagle that she was driving the vehicle and emphasizes that Officer Woleslagle admits that he did not see her in the vehicle. While Appellant denies that her husband, who was sitting in the passenger seat, drove the vehicle, she asserts that there is no proof that she drove the vehicle.

In this case, Officer Woleslagle responded to an accident that occurred in a parking lot and discovered a vehicle, registered to Appellant, that showed signs of damage. When Appellant came out of a nearby store, Officer Woleslagle indicated that Appellant told him that she had driven the vehicle and admitted she did not have a license. Appellant admits that she was picking up food to "take back" to her home.

Given that the trial court found that Officer Woleslagle's testimony was credible, the circumstantial evidence established that Appellant had driven her vehicle on a highway or trafficway while her license was suspended. Thus, Appellant's sufficiency challenge fails.

In her third and fourth claims on appeal, Appellant suggests that the trial court should have required the Commonwealth to produce surveillance video from the Southland Shopping Center or called an additional eyewitness or responding officer to testify.

Other than these bald allegations, Appellant offers no authority or analysis to support these arguments. As such, we find these two issues to be waived on appeal. *See Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa.Super. 2014) (when the appellant fails to cite to legal authority and does not develop any meaningful analysis in support of a claim, we may find an issue waived for lack of development).

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/6/2023