J-A03014-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODMAN C. THOMPSON, JR. | : | |
| | : | |
| Appellant | : | No. 1134 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 8, 2018
In the Court of Common Pleas of Cameron County Criminal Division at
No(s): CP-12-SA-0000003-2017

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.: FILED JUNE 18, 2019

Rodman C. Thompson, Jr. appeals from the judgment of sentence of fifty dollars in fines and the costs of prosecution imposed by the trial court following his summary convictions for operating a vehicle without an official certificate of inspection and for failing to wear a seatbelt. We affirm.

On July 3, 2017, at approximately 8:30 a.m., Appellant was driving westbound on East Allegany Avenue, a two-lane roadway in Cameron County, Pennsylvania. N.T. Summary Trial, 3/20/18, at 3-4. Trooper Jonathan Wooster was traveling eastbound on the same roadway. As he passed Appellant, he noticed a partial inspection sticker with the number "16" affixed to Appellant's vehicle. Id. at 4, 11. Trooper Wooster completed a U-turn, engaged the audio function of his vehicle's mobile video recording ("MVR") system, and initiated a traffic stop. Id. at 7. Trooper Wooster approached Appellant's vehicle and engaged in a discussion with him about the expired

_____

* Retired Senior Judge assigned to the Superior Court.

inspection sticker. Appellant stated that he was on his way to Berry's Garage to get the truck inspected. Id. at 15-16. When Trooper Wooster commented on the absence of Appellant's seatbelt, Appellant conceded that he never wears a seatbelt. Id. at 11. Appellant was charged with the aforementioned crimes.

On July 17, 2017, Appellant was convicted of both charges by a magistrate district judge. Appellant filed a timely notice of appeal from the summary convictions and a summary trial de novo was scheduled. On October 18, 2017, Appellant filed a "nunc pro tunc motion for review and joinder," asking the trial court to join this case with a 2016 case in which he was convicted of driving without registration and received a license suspension. See motion, 10/18/17, at unnumbered 1-2. This motion was denied, since the original offense occurred nearly a year earlier and any appeal would have been "patently time barred." See Order, 10/26/17, at 1.

On November 14, 2017, Appellant proceeded to his summary trial de novo.[1] After a partial hearing, the trial was continued to allow for the production and admission of the MVR. After a separate Commonwealth continuance, the second half of Appellant's trial resumed on March 20, 2018. At the end of the Commonwealth's case-in-chief, the court kept the record open so that Appellant could supplement his argument. On April 6, 2018,

_____

[1] This transcript has not been made part of the certified record on appeal.

Appellant filed an "omnibus motion for dismissal of citations, strike off of MDJ judgement, sanctions and other relief." On May 8, 2018, the trial court issued an order addressing Appellant's motion along with its verdict, finding Appellant guilty of both charges and sentencing him to pay the costs of prosecution and fifty dollars in fines. On May 11, 2018, the trial court issued an amended sentencing order, modifying Appellant's sentence to include the specific amount of the prosecution costs, resulting in an amended aggregate total of $316.40 to be paid by Appellant.

On June 7, 2018, Appellant filed a notice of appeal. In response, the trial court directed Appellant to file a concise statement of errors complained of on appeal. Appellant filed an incoherent "concise" statement consisting of "five pages containing twelve numbered paragraphs, some of which included numerous subparagraphs." Trial Court Opinion, 8/8/18, at 2. The trial court issued its opinion, setting forth its basis for finding the majority of the issues raised in the concise statement to be waived, and determining that Appellant was not entitled to relief on any of the remaining, discernible issues.

In his brief, Appellant enumerates sixteen verbose issues, many with multiple subparts, which are too cumbersome to reproduce verbatim. See Appellant's brief at 7-11. While we make allowances for the fact that Appellant is pro se, his decision to represent himself does not excuse him from following our procedural rules. Commonwealth v. Adams, 882 A.2d 496, 498 (Pa.Super. 2005) ("[A]ny person choosing to represent himself in a legal

proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."). As we have previously explained:

> We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review a Court will not consider the merits thereof. [Commonwealth v. Sanford, 445 A.2d 149, 150 (Pa.Super. 1982).]

Commonwealth v. Maris, 629 A.2d 1014, 1017 (Pa.Super. 1993).

Appellant's brief does not conform to the requirements set forth in our appellate rules. His "scope of review" consists of a statement of Appellant's intent and a listing of the individuals whose actions he challenges, including Trooper Wooster, the magistrate district judge, the trial judge, and the Commonwealth's attorney. See Appellant's brief at 6. He lists the "standard of review" as "trial de novo/clear error/abuse of discretion" and cites to various criminal statutes that are not relevant. Id. at 7. The "statement of questions involved" does not logically follow the format of his concise statement, and his argument is not divided into as many sections as there are questions. Id. at 7-11; Pa.R.A.P. 2116. The "summary of argument" section is in outline form, rather than a concise summary of the arguments, and it does not track with his statement of questions. See Pa.R.A.P. 2118. Similarly, the "argument" is a disorganized outline, which is almost completely devoid of any citation to relevant legal authority. See Pa.R.A.P. 2119(b).

Our review is further impeded by Appellant's failure to ensure that the certified record is complete for our review. Instead, he attached documents[2] to his brief which are not part of the certified record and inserted allegations and facts related to a different conviction. Noticeably absent from the certified record is the transcript of the first half of the summary trial and the MVR recording from Trooper Wooster's patrol vehicle, which appears to be the only piece of physical evidence admitted at the summary trial de novo.

Generally, matters which are not part of the record cannot be considered on appeal. Commonwealth v. Brown, 161 A.3d 960, 968 (Pa.Super. 2017) (reiterating the "well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review'"). Indeed, "[o]ur law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." Commonwealth v. Preston, 904 A.2d 1, 7 (Pa.Super. 2006); see also Commonwealth v. Kleinicke, 895 A.2d 562, 575 (Pa.Super. 2006) (en banc). At a minimum, Appellant was required to order the notes of testimony from the summary trial. When an appellant fails to comply with this

_____

[2] Appellant has attached a self-generated transcript of the MVR recording, which the Commonwealth objected to and was not admitted at trial. N.T. Summary Trial, 3/20/18, at 15.

- 5 -

requirement, any claims that cannot be resolved without the transcripts are waived. Commonwealth v. Williams, 715 A.2d 1101, 1105 (Pa. 1998); Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.").

Appellant's disregard for the Rules of Appellate Procedure, and his failure to order the transcript necessary for this Court to determine whether the trial court's findings are supported and reasonable, have hindered our review. Based on these deficiencies we could dismiss Appellant's appeal. See Pa.R.A.P. 2101; Pa.R.A.P. 341. Nevertheless, notwithstanding the deficiencies in Appellant's brief and his failure to ensure a complete certified record, we decline to dismiss the appeal in its entirety. To the extent that we can discern Appellant's claims, we respond to them below.

Appellant alleges that he was entitled to a jury trial under the United States and Pennsylvania constitutions. He challenges the constitutionality of the entire Motor Vehicle Code and the inaction of the trial court for denying him his constitutional right to a jury trial. Appellant's argument lacks merit.

The United States and Pennsylvania Constitutions afford a jury trial only for those charged with offenses carrying more than a six month sentence, if convicted. Commonwealth v. Smith, 868 A.2d 1253, 1257 (Pa.Super. 2005). As the trial court aptly pointed out, the offenses at issue in Appellant's

case did not allow for any sentence of imprisonment. Trial Court Opinion, 8/8/18, at 3. Indeed, upon conviction Appellant received twenty-five dollar fines for each charge. Therefore, Appellant's right to a jury trial was not implicated and the trial court did not err when it found the issue lacked merit.

In a related claim, Appellant alleges that he was denied due process of law when the lower court denied him appointed counsel. Appellant's brief at 18, 22. However, there is "no requirement, either under the United States Constitution or under the Pennsylvania Constitution, that defendants in all summary cases be provided with counsel." Commonwealth v. Long, 688 A.2d 198, 201 (Pa.Super. 1996). The right to counsel in summary cases "attaches only to those defendants who are unable 'to employ counsel when there is a likelihood that imprisonment will be imposed.'" Commonwealth v. Smith, supra, at 1256 (citing Pa.R.Crim.P. 316(a)). Again, Appellant was never subjected to the possibility of imprisonment.

Next, Appellant levels various accusations of error at the trial court, which Appellant argues was unfairly prejudiced against him to the point that the court should have recused itself due to its handling of a previous case of his. Appellant has waived this claim.

It is well-established that a party seeking a trial judge's recusal must assert specific grounds for the request in a recusal motion for the trial court's consideration. Commonwealth v. Whitmore, 912 A.2d 827, 833-34 (Pa. 2006). Since Appellant failed to raise this claim in a recusal motion, instead

raising it for the first time in his concise statement, the trial court did not err when it found the issue waived in its Pa.R.A.P. 1925(b) opinion. See Pa.R.A.P. 302 ("[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

However, even if Appellant's claim were not waived, he would not be entitled to relief. Appellant bears the burden of establishing bias, prejudice, or unfairness necessitating recusal. Commonwealth v. Druce, 848 A.2d 104, 108 (Pa. 2004) (quotation and citation omitted). In this case, Appellant bases his claim of an abuse of discretion on the fact that he previously challenged a judgment of sentence imposed in a different case, presided over by the same trial judge. Appellant's brief at 19. Appellant has provided no further support for his bald allegation.

Importantly, "A judge is not automatically disqualified from hearing a case merely because he has presided over prior cases involving the same defendant." Commonwealth v. Bryant, 476 A.2d 422, 424 n. 1 (Pa.Super. 1984). Therefore, the fact that the trial judge previously presided over a different summary trial, does not alone establish the bias necessary to require recusal from the present case. Since Appellant's argument is underdeveloped and unsupported by any pertinent controlling authority, this claim fails.

In Appellant's penultimate issue, he challenges his conviction for the operation of a vehicle without an official certificate of inspection. Appellant's brief at 34. Appellant concedes that his registration was expired but maintains

that 75 Pa.C.S. § 4703(b)(11), an enumerated exception to the requirement that drivers operate their vehicles with an official certificate of inspection, should have applied to his case. Appellant's brief at 34. The exception excludes:

> A motor vehicle being operated by the vehicle owner while enroute to an inspection station where an appointment for inspection has been scheduled, provided that such operation occurs no later than ten days after the expiration of a valid certificate of inspection issued under this chapter.

75 Pa.C.S. § 4703(b)(11).

Specifically, Appellant admits that he was aware that his registration expired in March of 2016, but argues this exception applies to him since he could not register his car sooner due to family turmoil. Appellant's brief at 15. Appellant misreads the exception. Read plainly, 75 Pa.C.S. § 4703(b)(11) only applies to drivers enroute to a scheduled inspection within ten days of expiration. Appellant concedes that the traffic stop occurred over a year after Appellant's registration had expired. Accordingly, the exception is patently inapplicable. Therefore, even without the benefit of all of the trial transcripts or the MVR, we conclude that Appellant's argument must fail.

Finally, relying on his self-generated and inadmissible transcript of the MVR footage, Appellant challenges the judge's decision to credit the testimony of Trooper Wooster. Appellant's brief at 16. "It is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." Commonwealth v. Thompson, 934 A.2d 1281,

1285 (Pa.Super. 2007). We will not disturb the trial court's credibility determinations absent an abuse of discretion. *Commonwealth v. Spotz*, 870 A.2d 822, 836 (Pa. 2005). The trial court found that "the competent and credible evidence established beyond a reasonable doubt that [Appellant] violated the two provisions of the Motor Vehicle code for which he was convicted." Trial Court Opinion, 8/8/18, at 3. We are unpersuaded by Appellant's underdeveloped argument, which rests squarely upon inadmissible evidence, to conclude otherwise.

As Appellant has failed to ensure that a complete certified record was transmitted to this court for review, and has not asserted any properly-preserved and meritorious issues, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2019